[No. 18403-2-I.   Division One.   October 27, 1986.]

THE STATE OF WASHINGTON, *Respondent,* v. JOHN MONTE GUNTHER, *Appellant.*

*Inara M. Horton,* for appellant.

*Norm Maleng, Prosecuting Attorney,* and *Stuart D. Heath, Deputy,* for respondent.

RINGOLD, A.C.J.—The defendant, John Gunther, has moved for accelerated review of a sentence beyond the presumptive range. A commissioner referred the motion to a panel of judges. We grant the motion and consider the matter on its merits, without oral argument. RAP 11.6. We affirm the sentence.

A jury found Gunther and two other defendants guilty of delivering cocaine in violation of RCW 69.50.401(a). The judgment and sentence entered on March 7, 1986, imposed confinement of 24 months. The presumptive range for this offense, given Gunther's offender score of "0" and a seriousness level of "6," is 12 to 14 months. The court imposed an exceptional sentence based on the following findings of fact and conclusions of law:

## I. Findings of Fact
### RCW [9].94A.390 Aggravating Factor 4(b)

The deal which constitutes the offense involved negotiations for the sale of one–half pound of cocaine. Only one–quarter pound was actually transferred prior to the arrest. The cocaine's wholesale value was $17,000 and its street value was $80,000. Detective Kettels set up the deal on the pretext that he would transport the cocaine out of state for resale.

### RCW 9.94A.390 Aggravating Factor 4(d)

Defendant Gunther had a loaded pistol in his coat pocket when he was arrested at the drug transaction scene. Defendant Gunther told the State's informant that he was bringing the gun to the transaction site "in case anything went wrong." Defendant Gunther was a heroin addict at the time he possessed the gun.

## II. Conclusions of Law
### RCW 9.94A.390 Aggravating Factor 4(b)

The offense involved an attempted and actual sale of a controlled substance in a quantity substantially larger than for personal use.

### RCW 9.94A.390 Aggravating Factor 4(d)

The defendant possessed a firearm during the commission of the offense.

### Notice of Change in State's Recommendation

Prior to trial, the State gave Gunther its sentencing recommendation of confinement for 14 months, the upper limit of the presumptive range. After trial and before sentencing, the State notified Gunther it would seek a greater sentence. Gunther maintains that his due process rights are violated unless he is notified prior to trial that the State will seek an exceptional sentence.

Gunther's argument is based on *State v. Cosner,* 85 Wn.2d 45, 530 P.2d 317 (1975), in which the court held that whenever the State seeks to invoke the deadly weapon enhancement provisions of former RCW 9.41.025 or RCW 9.95.040, it is required to make specific allegations to that effect in the information. Gunther also relies on *State v. Theroff,* 95 Wn.2d 385, 622 P.2d 1240 (1980) and *State v. Alferez,* 37 Wn. App. 508, 681 P.2d 859 (1984). Gunther maintains that the State must inform a defendant prior to

trial that it will seek a sentence beyond the presumptive range or be barred from requesting anything outside that range.

■ D. Boerner, *Sentencing in Washington* § 9.19 (1985) states:

> The reason that a notice requirement was not included is that an exceptional sentence is a possibility in every sentencing under the Sentencing Reform Act. To require that each defendant be given notice of that ever–existent potentiality would be redundant. . . . The possibility of an exceptional sentence always exists, and notice of that fact is inherent in the statutory provisions which create the possibility.

Unlike the enhancement provisions of RCW 9.41.025 and 9.95.040, a sentence beyond the presumptive range is not an automatic result of a conviction but is a collateral consequence, dependent upon the trial court's exercise of its discretion. The notice required is not the same as that required for invocation of the mandatory sentencing provisions of these statutes. *See State v. Whittington*, 27 Wn. App. 422, 618 P.2d 121 (1980). The State is not required to notify a defendant prior to trial that it may seek a sentence beyond the presumptive range. To require the State to commit itself to a sentence recommendation prior to trial makes little sense. An informed recommendation cannot be made until after trial. There was no denial of due process in the notice provided here.

### SUFFICIENCY OF EVIDENCE

Gunther contends the evidence is insufficient to support the court's findings in support of the exceptional sentence.

Gunther has not challenged the finding relating to the size of the drug transaction. He has conceded that a pistol was found in his rear pants pocket and that he told the State's informant that he always carried a gun.

An officer who participated in Gunther's arrest testified that he removed a .25 caliber weapon from Gunther's left rear pocket and that at the time he removed it there was a bullet in the chamber. Another witness testified that Gun-

ther had told him that he carried the gun with him everywhere he went.

RCW 9.94A.370 provides that the trial court may only use such information as is admitted to or acknowledged at the time of sentencing. When the defendant disputes material facts, the court must either not consider the fact or grant an evidentiary hearing on the point. The sentencing hearing was conducted in front of the same judge who conducted the trial. There was no request for a separate evidentiary hearing and both the State and Gunther's counsel based their arguments on the evidence at trial. Although Gunther had minor differences with the findings, he did not dispute material facts. It is of no consequence that the court found Gunther had a loaded pistol in his coat pocket, instead of his pants pocket. Whether he always carried a weapon or just took it along this time is also immaterial. Moreover, Gunther's failure to request an evidentiary hearing amounts to an admission or acknowledgement of the facts as stated by the prosecutor. The material facts relied upon by the trial court were supported by the evidence and were not improperly found.

### Use of Firearm as Aggravating Factor

Whether the trial court may use the presence of a weapon as an aggravating factor when it was neither charged nor found by the jury poses an issue here because of changes in the Sentencing Reform Act of 1981 (SRA). Gunther was convicted for his participation in the possession and delivery of a schedule II controlled substance, an offense with a seriousness level of 6. The presumptive range for delivery or possession with intent to deliver a controlled substance may be increased by 12 months if the offender or an accomplice was armed with a deadly weapon at the time of the offense. RCW 9.94A.125. In such cases, the finding is not an aggravating factor but acts to increase the presumptive sentencing range. RCW 9.94A.310. Although the certification for determination of probable cause stated that Gunther was armed with a gun and two knives, the infor-

mation itself did not allege these facts. The issue was not submitted to the jury and there was no finding that a firearm was involved. Nevertheless, the trial court used the presence of a weapon to characterize the offense as a major drug offense, which is an aggravating factor under RCW 9.94A.390.

As the SRA was originally written, the prosecutor could either charge possession of a firearm where the crime involved delivery or possession with intent to deliver and, upon a finding to that effect, have the presumptive sentencing range increased by 12 months, or not charge the presence of a firearm and seek a departure from the presumptive range under RCW 9.94A.390.

Because the Legislature specifically provided for an increase in the presumptive range where a firearm is present in certain types of crime, including possession with intent to deliver, there is doubt as to how the provisions of RCW 9.94A.125, 9.94A.310, and 9.94A.390 are intended to be applied. We will construe a penal statute against the State and in favor of the accused where there is ambiguity. *State v. Bird*, 95 Wn.2d 83, 622 P.2d 1262 (1980); *State v. Sass*, 94 Wn.2d 721, 620 P.2d 79 (1980). We interpret the SRA to require the prosecutor to proceed under RCW 9.94A.125 for those crimes enumerated in RCW 9.94A.310.

The 1986 amendments to the act, effective July 1, 1986, deleted possession of a firearm as a reason for characterizing a drug offense as major. There thus now appears to be legislative intent that firearm enhancement be accomplished through charge and proof beyond a reasonable doubt and an increase in the presumptive range. Our interpretation of the statute as it was written and applied in Gunther's case is consistent with the statutory amendments. *See In re Hunter*, 106 Wn.2d 493, 723 P.2d 431 (1986).

■ The size of the drug deal is sufficient to identify an offense as a major violation of the Uniform Controlled Substances Act. RCW 9.94A.390. Here, the amount of drugs involved supports a finding that it is a major violation. This

finding alone supports a departure from the presumptive range. *State v. Armstrong,* 106 Wn.2d 547, 723 P.2d 1111 (1986). The sentence imposed, 24 months, is not "clearly excessive" in view of this aggravating factor.

The motion for accelerated review is granted and the sentence is affirmed.

SWANSON and PEKELIS, JJ., concur.

Reconsideration denied January 15, 1987.

Review denied by Supreme Court May 5, 1987.