[No. 10772–8–III.   Division Three.   July 18, 1991.]

THE STATE OF WASHINGTON, *Respondent,* v. RONNIE LEE HICKS, *Appellant.*

*Lewis M. Schrawyer,* for appellant.

*Donald C. Brockett, Prosecuting Attorney,* and *Kevin Korsmo, Deputy,* for respondent.

GREEN, C.J.—Ronnie Lee Hicks pleaded guilty to three counts of first degree rape and three counts of first degree burglary. The court imposed an exceptional sentence of 102 months for two of the rape counts and ordered those sentences to run consecutively. He appeals. We affirm.

About 5 a.m. on May 13, 1989, Mr. Hicks, age 17, forced his way into a Spokane residence and raped a 73-year-old woman. He displayed a knife, beat her and told her he would kill her if she did not do what he wanted.

On June 17, Mr. Hicks entered a second Spokane residence by kicking open a basement window and found a

woman asleep on the living room couch. He placed a pillow and a curtain over her head. He struck her several times, forced her to have oral intercourse and then raped her vaginally. Afterward, he locked her in a closet and left the residence taking approximately $15 from her wallet. The victim was 50 years of age.

On July 1, Mr. Hicks entered a third Spokane residence by breaking and crashing through a bedroom window. The woman who was asleep in her bed tried to get away. Mr. Hicks covered her face, struck her and threatened to kill her if she was not quiet. He pressed his hands against the victim's throat and repeatedly threatened, "Keep your eyes closed or I'll close them permanently." After Mr. Hicks raped her, he took approximately $20 from her wallet and fled. The victim was age 77.

At an interview with a Spokane police detective, Mr. Hicks admitted the burglaries and rapes and indicated he entered the residences with the sole intent of rape. He stated his victims were chosen because they lived near him and were alone.

Mr. Hicks was charged with three counts of first degree burglary and three counts of first degree rape. He pleaded guilty to all counts. At the sentencing hearing, the court found the following aggravating factors: (1) the rapes occurred in the victims' homes; (2) two of the victims were exceptionally vulnerable because they were attacked in their sleep; (3) two victims were vulnerable because they were both over the age of 70; (4) the victims were each vulnerable because they lived alone; (5) deliberate cruelty to two of the victims; and (6) one victim suffered multiple sexual attacks.

The standard range sentence for each burglary count was 41 to 54 months, 77 to 102 months for the first rape, and 51 to 68 months for the second and third rapes.[1] The court

---

[1]The court calculated Mr. Hicks' offender score to be 5 for purposes of the burglaries and the first rape. A 0 offender score was used in calculating the standard range for the second and third rapes. The maximum sentence for each of the counts was 20 years to life.

imposed a standard range sentence of 54 months for each of the three burglary convictions; a standard range sentence of 102 months for the first rape; and an exceptional sentence of 102 months for the second and third rape counts. Each of the rape sentences were to run consecutively but concurrently with the burglary convictions. The total sentence imposed was 306 months.

First, Mr. Hicks contends the court erred in imposing an exceptional sentence for the second and third rape convictions based upon (1) deliberate cruelty, (2) multiple attacks, (3) expectation of privacy and safety, and (4) exceptional vulnerability. We find no error.

To reverse a sentence outside the standard range, the reviewing court must find:

(4) . . . (a) Either that the reasons supplied by the sentencing judge are not supported by the record which was before the judge or that those reasons do not justify a sentence outside the standard range for that offense; or (b) that the sentence imposed was clearly excessive or clearly too lenient.

(5) A review under this section shall be made solely upon the record that was before the sentencing court.

RCW 9.94A.210(4), (5). The reviewing court independently decides, as a matter of law, whether the reasons are "substantial and compelling" and justify the sentence. *State v. Nordby*, 106 Wn.2d 514, 518, 723 P.2d 1117 (1986). The reasons given by the court for imposing the exceptional sentence will be upheld unless they are clearly erroneous. *State v. Dunaway*, 109 Wn.2d 207, 218, 743 P.2d 1237, 749 P.2d 160 (1987); *Nordby*, at 517–18.[2]

RCW 9.94A.390(2) sets forth certain aggravating factors the court may consider in deciding to impose an enhanced exceptional sentence. Those factors, which are illustrative, include:

(a) The defendant's conduct during the commission of the current offense manifested deliberate cruelty to the victim.

---

[2]Since Mr. Hicks has not argued his sentence was clearly excessive, the only sentencing issue which must be addressed is whether, as a matter of law, the trial court's reasons are substantial and compelling to justify the exceptional sentences.

(b) The defendant knew or should have known that the victim of the current offense was particularly vulnerable or incapable of resistance due to extreme youth, advanced age, disability, or ill health.

(c) . . . .

(i) The current offense involved multiple victims or multiple incidents per victim;

The reasons for imposing an exceptional sentence must encompass factors other than those that are inherent in the offense and are used in computing the presumptive range for the charge. *State v. Falling,* 50 Wn. App. 47, 53, 747 P.2d 1119 (1987).

## Deliberate Cruelty

Mr. Hicks contends the court erred in finding that deliberate cruelty existed since the burglary convictions required the victim be assaulted. Consequently, he argues deliberate cruelty cannot be used to support the exceptional sentence since use of force was considered in establishing the presumptive range of sentence for the burglary. We disagree.

█ █ Deliberate cruelty, an aggravating factor identified in RCW 9.94A.390, is conduct that is significantly more serious or egregious than typical of the crime. *State v. Franklin,* 56 Wn. App. 915, 918, 786 P.2d 795 (1989), *review denied,* 114 Wn.2d 1004 (1990). A review of the record indicates the court properly identified Mr. Hicks' conduct as deliberately cruel: he struck and beat the victims a number of times, grabbed their faces, made threats that if they did not cooperate they would be harmed or killed, or their eyes would be permanently closed. He smothered the victims with pillows and threatened to return. When one of the victims said he was hurting her, Mr. Hicks said, "that makes it better for me". Although the crime of first degree burglary contains assault as an essential element, as stated by the court in *State v. Clinton,* 48 Wn. App. 671, 741 P.2d 52 (1987):

> It does not follow . . . that the assaultive conduct could not be used as aggravating factors in relation to the rape counts. . . . The State was not required to show any assault beyond the rapes themselves. Thus, while it can be argued that the facts in

question were necessarily taken into consideration by the Legislature in determining the standard range for first degree *burglary,* assaultive behavior beyond the rape itself was not necessarily considered in determining the standard sentence range . . ..

*Clinton,* at 676–77. We find no error.

## MULTIPLE INCIDENTS

Mr. Hicks contends the court erred in concluding multiple incidents justified an exceptional sentence. Since he was sentenced to three counts of burglary and three counts of rape, he argues each of these convictions was included in the presumptive sentence range and the added convictions enhanced his sentence. Thus, he contends any further enhancement of the sentence is inappropriate. We disagree.

The infliction of multiple injuries per victim is an aggravating factor that justifies exceeding the presumptive range. *State v. Armstrong,* 106 Wn.2d 547, 550, 723 P.2d 1111 (1986).[3] Here, Mr. Hicks raped each victim more than once. There was no error.

## EXPECTATION OF PRIVACY

Next, Mr. Hicks contends it was error for the court to use the zone of privacy enhancement to support the exceptional sentence. He argues since burglary requires an intruder to enter and remain in a private dwelling, the victim's expectation of safety has been breached by the burglary and should not be used a second time to enhance the sentence for the rapes. We find no error.

Invasion of a zone of privacy may be considered an aggravating factor. *State v. Hernandez,* 54 Wn. App. 323, 773 P.2d 857 (1989), *rev'd on other grounds sub nom. State v. Batista,* 116 Wn.2d 777, 808 P.2d 1141 (1991). As this court stated in *Hernandez,* "citizens . . . have a right to let down their guard and enjoy the relaxed atmosphere of

---

[3]Finding of fact 9 entered by the court stated: "[M.A.] was forced to undergo multiple sexual acts to wit: Forced manipulation of the defendant's anus with her fingers, forced oral sex on the defendant, oral sex by the defendant upon her, as well as vaginal intercourse with his penis."

home and hearth." *Hernandez,* at 327. In *State v. Falling, supra* at 55, the court held the rape of a victim in her bedroom was an invasion of her zone of privacy. There, the court stated that the victim was not only invaded sexually but also

> invaded [in] the zone of privacy surrounding and including her home. As a result, the victim has to contend psychologically not only with the fact that she was sexually assaulted in a brutal way but also the fact that her home is no longer the island of security that she perhaps thought it was.

*Falling,* at 55 (quoting *State v. Van Gorden,* 326 N.W.2d 633 (Minn. 1982)). Here, Mr. Hicks attacked two of the rape victims in their homes while they slept. Their zones of privacy were clearly invaded.

█ The argument that the burglary statute deals with the victim's zone of privacy is true insofar as the burglary is concerned but not for the crime of rape. Mr. Hicks' burglary convictions did not increase his offender score for the two exceptional rape sentences. As to these rapes, he was given an offender score of 0. RCW 9.94A.400(1)(b). Since the burglaries and the first rape charge were not counted in computing the standard range for the second and third rapes, the sentences for the second and third rapes were not enhanced by factors already considered in setting the presumptive range. The court did not err.

### EXCEPTIONAL VULNERABILITY

Mr. Hicks contends the court erred in finding the victims exceptionally vulnerable. He argues since all persons who are asleep are vulnerable, there could be no particular vulnerability.

█ RCW 9.94A.390(2)(b) states it is an aggravating factor if the defendant knew or should have known the victim was particularly vulnerable. The victim of Mr. Hicks' third rape attack was age 77. Whether sleeping or awake, a 77–year–old woman is particularly vulnerable and incapable of resistance against a 17–year–old male. *State v. Clinton, supra* at 676 (67–year–old woman is particularly vulnerable to crime of rape due to advanced age).

■ Mr. Hicks' second rape victim was 50 years of age and was asleep when he forced his way into her home through a window. He instantly covered her with a curtain and pushed a pillow into her face. Although her age was not advanced, because she was attacked as she slept, she was quickly rendered incapable of attempting to resist as compared to other rape victims who are awake and could, in some way, resist. Vulnerability in the circumstances presented here requires this type of comparison to determine its presence. Thus, the court did not err in finding the victims exceptionally vulnerable.

## Consecutive Sentences

Second, Mr. Hicks contends the court erred by ordering the two exceptional rape sentences to run consecutively to the sentence on the first rape. He asserts there is no legal authority for what he terms an "exceptional, exceptional sentence". RCW 9.94A.400(1)(b) provides:

> Whenever a person is convicted of *three or more serious violent offenses,* . . . arising from separate and distinct criminal conduct, the sentence range for the offense with the highest seriousness level . . . shall be determined using the offender's prior convictions and other current convictions that are not serious violent offenses in the offender score and the sentence range for other serious violent offenses shall be determined by using an offender score of zero. The sentence range for any offenses that are not serious violent offenses shall be determined according to (a) of this subsection. *All sentences imposed under (b) of this subsection shall be served consecutively to each other and concurrently with sentences imposed under (a) of this subsection.*

(Italics ours.) Serious violent offenses include rape in the first degree, the offenses involved here. RCW 9.94A.030(27). Separate and distinct criminal activity results when rape attacks, as here, involve separate victims on separate dates. *State v. Clinton, supra.*[4]

---

[4]Recently, the issue of whether the RCW 9.94A.390(2)(f) "clearly too lenient" factor applied to consecutive or concurrent exceptional sentences was before the court in *State v. Batista, supra. Batista* briefly discussed the imposition of concurrent and consecutive sentencing under RCW 9.94A.400(1)(a), but did not specifically address provisions of .400(1)(b).

■ By reducing to 0 the offender scores for the second and third serious violent offenses of rape, the statute is in effect lowering the presumptive range for each additional serious violent offense. In using the word shall, the statute creates an "imperative obligation" that the sentences for the additional serious violent offenses be served consecutively. *In re Myers,* 105 Wn.2d 257, 262, 714 P.2d 303 (1986). Since RCW 9.94A.400(1)(b) does not restrict a court from imposing enhanced sentences to run consecutively under RCW 9.94A.390 for serious violent offenses, the imposition of such sentences in this case was proper. To hold otherwise would nullify the provisions of RCW 9.94A-.390.

Here, the court considered four statutory aggravating factors and concluded they supported going beyond the standard range. Thus, the court did not err in imposing two exceptional sentences under RCW 9.94A.390 and ordering them to run consecutively pursuant to RCW 9.94A-.400(1)(b).

Affirmed.

THOMPSON and SHIELDS, JJ., concur.