[No. 26787-6-I.   Division One.   April 26, 1993.]

THE STATE OF WASHINGTON, *Respondent*, v. DENNIS RICHARD HERZOG, *Appellant*.

*Mary Jane Ferguson* of *Washington Appellate Defender Association,* for appellant.

*Norm Maleng, Prosecuting Attorney,* and *Susan Noonan, Deputy,* for respondent.

BAKER, J. — Dennis Herzog appeals the trial court's denial of his motion to continue his sentencing hearing, and the imposition of an exceptional sentence. He also appeals imposition of court costs and the victim penalty assessment. We affirm, holding that multiple penetrations of a rape victim can, as a matter of law, justify an exceptional sentence.

## FACTS
Herzog broke into the victim's apartment, forced his way into her bedroom and attacked her. Herzog held a knife to the victim's throat and ordered her to shut up. After forcing her to perform fellatio, Herzog forcibly penetrated her both anally and vaginally with his fingers and penis, holding the knife to her neck the entire time.

Herzog was charged and pleaded guilty to one count of rape in the first degree and one count of burglary in the first degree. Each count also carried a deadly weapons allegation.

The sentencing hearing was continued six times. All but one of the continuances were at the request of the defendant.

The trial court had signed orders to allow the defendant to be transported to Harborview hospital for neurological and psychological testing. At the sentencing hearing, Herzog's counsel requested yet another continuance, in order to obtain the written results of the completed testing and for further neurological testing. He argued that because of Herzog's neurological problems, which caused him to black out and have seizures, his crime could not be considered an aggravated one, since he was not in possession of his full faculties.

The prosecutor opposed the continuance, arguing that there was no showing that the defendant could not knowingly function, or that the guilty plea was invalid. The court denied the motion to continue, commenting that "if this were the second or first continuance, I'd look differently at it."

The defendant was sentenced to exceptional sentences above the standard range. The court cited two aggravating factors in support of the exceptional sentences: deliberate cruelty and commission of the rape in front of the victim's 4-year-old son. The court ordered Herzog to pay $578 in court costs and the victim penalty assessment.

## I

We first consider the denial of Herzog's motion to continue the sentencing hearing. He claims the denial deprived him of his opportunity to refute the State's contention that his crime was an aggravated one which merited an exceptional sentence.

The grant or denial of a motion for continuance is within the trial court's discretion and will not be disturbed absent a showing that the court abused its discretion and the defendant was prejudiced thereby. *State v. Barnes*, 58 Wn. App. 465, 471, 794 P.2d 52, *aff'd in part, rev'd in part*, 117 Wn.2d 701, 818 P.2d 1088 (1991). Discretion is abused if it is exercised on untenable grounds or for untenable rea-

sons. *Barnes*, 58 Wn. App. at 471; *State ex rel. Carroll v. Junker*, 79 Wn.2d 12, 26, 482 P.2d 775 (1971).

■ Because the trial court heard and considered the substance of the neuropsychological evaluation at the sentencing hearing, the defendant was not prejudiced by the court's refusal to continue sentencing until the written results of the medical examinations were available. The sentencing judge considered the request for a continuance in light of the information presented and concluded that there was no valid reason for delay. This conclusion is not untenable, particularly since numerous continuances had previously been granted in this case. A stronger showing is usually required in support of repeated motions for continuance. 12 R. Ferguson, Wash. Prac., *Criminal Practice* § 1905, at 367 (1984), *cited in Barnes*, 58 Wn. App. at 471. The trial court did not abuse its discretion by denying the request for yet another continuance, and the defendant has not demonstrated that he was prejudiced as a result.

## II

We next consider whether the trial court erred by imposing an exceptional sentence.

■ An exceptional sentence is permitted when it is justified by substantial and compelling reasons. RCW 9.94A-.120(2).

> Review of an exceptional sentence under RCW 9.94A.210(4) involves three determinations. First, the appellate court determines "whether the trial court's reasons for imposing an exceptional sentence are supported by the record. This is a factual inquiry and the trial court's findings will be upheld unless they are clearly erroneous." *State v. McAlpin*, 108 Wn.2d 458, 462, 740 P.2d 824 (1987); RCW 9.94A.210(4)(a). Second, the reviewing court determines, "as a matter of law, whether the trial court's reasons justify an exceptional sentence." *McAlpin*, at 463; RCW 9.94A.210(4)(a). . . . Third, the reviewing court must determine whether the trial court abused its discretion and imposed a sentence which was " 'clearly excessive' ". *McAlpin*, at 467; RCW 9.94A.210(4)(b).

(Footnote omitted.) *State v. James*, 65 Wn. App. 58, 60-61, 827 P.2d 1057, *review denied*, 119 Wn.2d 1022 (1992).

A. Are the trial court's reasons supported by the record?

█ The sentencing court found two reasons for imposing an exceptional sentence: multiple penetrations of the victim, which constituted deliberate cruelty, and the fact that the rape was committed in the presence of the victim's 4-year-old son, making him a secondary victim. The record supports both reasons, and the defendant has not assigned error to the findings. They are thus verities on appeal. *State v. Mason*, 31 Wn. App. 41, 43, 639 P.2d 800, *review denied*, 97 Wn.2d 1010 (1982). The record thus supports the trial court's reasons for imposing an exceptional sentence.

B. Is the exceptional sentence justified as a matter of law?

█ Deliberate cruelty is recognized as an aggravating factor under the Sentencing Reform Act of 1981, RCW 9.94A-.390(2)(a). It has been defined as gratuitous violence, either physical, psychological or emotional, which is significantly more serious or egregious than typical of the crime. *State v. Franklin*, 56 Wn. App. 915, 918, 786 P.2d 795 (1989) (citing *State v. Holyoak*, 49 Wn. App. 691, 696, 745 P.2d 515 (1987), *review denied*, 110 Wn.2d 1007 (1988)), *review denied*, 114 Wn.2d 1004 (1990).

██ Multiple penetrations of the rape victim may be evidence of deliberate cruelty. *State v. Falling*, 50 Wn. App. 47, 747 P.2d 1119 (1987) (threats to victim's life, multiple penetrations and demonstrated contempt for victim justified exceptional sentence); *State v. Altum*, 47 Wn. App. 495, 735 P.2d 1356 (victim was abducted, gang raped, beaten, and half her hair was torn out), *review denied*, 108 Wn.2d 1024 (1987); *State v. Dennis*, 45 Wn. App. 893, 728 P.2d 1075 (1986) (victim was abducted, gang raped, and threatened with death), *review denied*, 108 Wn.2d 1007 (1987); *State v. Hicks*, 61 Wn. App. 923, 929, 812 P.2d 893 (1991) (multiple rapes is an aggravating factor that justifies exceeding the presumptive range).

The *Dennis* court relied on cases from Minnesota, whose sentencing statute was the model for Washington's. Minnesota cases on sentencing are persuasive authority in Wash-

ington. *State v. Nordby*, 106 Wn.2d 514, 521 n.5, 723 P.2d 1117 (1986) (Utter, J., dissenting). The Minnesota court has concluded that subjecting the victim to two forms of penetration (anal and vaginal) was a permissible aggravating factor justifying an exceptional sentence for a rape conviction. *State v. Stauffacher*, 380 N.W.2d 843 (Minn. Ct. App.), *review denied* (Minn. Mar. 21, 1986). Minnesota courts have also held that multiple penetrations justify an exceptional sentence because the defendant committed the crime of rape in a particularly serious way. *State v. Titworth*, 381 N.W.2d 510 (Minn. Ct. App.) (citing *Ture v. State*, 353 N.W.2d 518, 522 (Minn. 1984); *State v. Martinez*, 319 N.W.2d 699 (Minn. 1982)), *review denied* (Minn. Apr. 18, 1986).

We find the reasoning of the Minnesota courts persuasive. Multiple penetrations or multiple sexual acts over a period of time are more degrading and have a more serious impact on the victim than a single act of rape. We therefore hold that such conduct constitutes deliberate cruelty and justifies an exceptional sentence.[1] We disagree with *State v. Delarosa-Flores*, 59 Wn. App. 514, 519, 799 P.2d 736 (1990), *review denied*, 116 Wn.2d 1010 (1991), which held that multiple penetrations (oral, anal and vaginal) of a 67-year-old woman did not constitute deliberate cruelty because the resulting physical and emotional trauma was not significantly more serious or egregious than is typical of the crime. *Delarosa-Flores*, at 519.[2]

## III

Finally, Herzog alleges the trial court erred in imposing court costs and the victim penalty assessment without entering specific findings that he had the ability to pay. Herzog also claims that mandatory monetary penalties such as the victim penalty assessment are unconstitutional because they infringe on the defendant's right to counsel and equal protection.

---

[1] Appellant does not dispute the presence of the child as an aggravating factor.

[2] We do not consider whether the sentence was clearly excessive because the issue was not raised on appeal.

This court's holdings on these issues have recently been affirmed by the Supreme Court. *State v. Curry,* 62 Wn. App. 676, 814 P.2d 1252 (1991), *aff'd,* 118 Wn.2d 911, 829 P.2d 166 (1992). Under *Curry,* trial courts are not required to enter formal findings of fact regarding each defendant's ability to pay court costs assessed under RCW 10.01.160(3). The mandatory victim penalty assessment is not unconstitutional because there are sufficient safeguards in the current sentencing scheme to prevent imprisonment of indigent defendants. *Curry,* 118 Wn.2d at 918.

Affirmed.

WEBSTER, C.J., and COLEMAN, J., concur.

Reconsideration denied May 25, 1993.

Review denied at 122 Wn.2d 1021 (1993).