# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION  II

| | |
|---|---|
| STATE OF WASHINGTON, | No.  55396-1-II |
| Respondent, | |
| v. | |
| RICHARD LEE HURLEY, a.k.a. RICKY LEE HURLEY, | UNPUBLISHED OPINION |
| Appellant. | |

PRICE, J. — Richard Hurley appeals the exceptional sentence he received after being convicted of multiple counts of first degree child molestation and incest.  Hurley argues that chapter 9.94A RCW, the Sentencing Reform Act of 1981 (SRA), is unconstitutional because it requires the judge to impermissibly make factual determinations in order to impose an exceptional sentence.  Hurley also argues that his sentence is not supported by the record because there is no basis to impose an exceptional sentence when the maximum sentence is life in prison and because the aggravating circumstance of invasion of privacy is not a substantial and compelling reason to impose an exceptional sentence for his child molestation convictions.  Finally, Hurley argues that his sentence was clearly excessive.

We affirm Hurley's sentence because the SRA is constitutional, Hurley's sentence was supported by the record, and it was not clearly excessive.

## FACTS

In 2019, Hurley touched the genitals of two of his children.  All instances of touching occurred in their family home.  The State charged Hurley with one count of first degree rape of a

child and one count of incest for each of the two children. The State also alleged the aggravating circumstances of invasion of privacy and use of a position of trust for all four charges. The case proceeded to a jury trial.

The jury found Hurley guilty of two counts of first degree child molestation as a lesser-included offence of rape of a child and two counts of incest, one count of each for each child. By special verdict questions, the jury found both of the aggravating circumstances of invasion of privacy and use of a position of trust for all four convictions.

On each conviction, Hurley's offender score was nine. The standard range for Hurley's first degree child molestation convictions was 149 months to life, with a standard range minimum sentence of 149-198 months. Hurley's standard range for the incest convictions was 60 months.

The State recommended that the court sentence Hurley to a minimum term of 198 months for each of his child molestation convictions. But the State also recommended that the court sentence Hurley to an exceptional sentence based on the aggravating circumstances found by the jury and, accordingly, run each child molestation count consecutively, thus setting his minimum time in custody at 396 months total. Hurley recommended that the court reject an exceptional sentence and, instead, impose a low-end sentence with all counts running concurrently.

The trial court concluded that both aggravating circumstances of invasion of privacy and use of a position of trust were substantial and compelling reasons to impose an exceptional sentence. Accordingly, the trial court adopted the State's recommendation and ran the low-end terms of 160 months to life on each of the child molestation convictions consecutively. The trial court explained, "To run these [sentences] concurrent does not reflect the fact that there were two lives that were irreparably damaged by Mr. Hurley's actions," and running the sentences for child

No. 55396-1-II

molestation consecutively reflected that there were two victims. 3 Verbatim Report of Proceedings

(VRP) at 1171. However, the trial court ran only the child molestation sentences consecutively;

the incest conviction sentences were imposed concurrently to Hurley's other sentences.

The trial court entered findings of fact and conclusions of law reflecting its sentencing

decision. The trial court explicitly stated in the findings of fact and conclusions of law that it

would have imposed the exceptional sentence if either aggravating circumstance alone had been

found by the jury.[1]

The trial court sentenced Hurley to standard range sentences of 160 months for each child

molestation conviction and standard range sentences of 60 months for each incest conviction. By

running Hurley's two 160-month sentences for child molestation consecutively as an exceptional

---

[1] During Hurley's sentencing hearing, the trial court had the following colloquy with the State regarding the aggravating factors being found by the jury:

> MR. HASLAM: The only issue, Your Honor, we would ask the Court to adopt the proposed findings of fact and conclusions of law in regards to the exceptional sentence that we have previously filed.
>
> THE COURT: I will review those again. I don't know that it [sic] appropriate to include that this Court is finding that there was a position of trust or a position of invasion of privacy. That's what the jury found. Counsel, do you want to weigh in on that?
>
> MR. HASLAM: We are asking for that finding, Your Honor, but I understand. So, this was just a proposal, so --
>
> . . . .
>
> THE COURT: What I am going to order is that the findings of fact and the conclusions include the jury did find that those --
>
> MR. HASLAM: That's --
>
> THE COURT: -- aggravating circumstances existed, and that based on that the Court was basing its exceptional sentence.

3 VRP at 1172-73.

sentence, the trial court sentenced Hurley to a minimum time in custody of 320 months and a maximum of life in prison.

Hurley appeals his exceptional sentence.

ANALYSIS

I.  SRA CONSTITUTIONALITY

Hurley argues that Washington's exceptional sentencing procedure under the SRA utilized by the trial court is unconstitutional because it violates the United States Supreme Court Sixth Amendment precedent limiting fact-finding by trial judges.  Under the Sixth Amendment right to a jury trial, Hurley argues whether an aggravating circumstance is a substantial and compelling reason for imposing and exceptional sentence is a question of fact that must be found by a jury under the Supreme Court's *Apprendi v. New Jersey*[2] and *Blakely v. Washington*[3] decisions.  Because Washington law requires the trial judge to make this decision, Hurley argues the trial court is forced to make factual determinations in violation of the Sixth Amendment to the United States Constitution.  We disagree.

A criminal defendant has the right of trial by jury under the Sixth Amendment and article I, sections 21 and 22 of the Washington Constitution.  The right to a jury trial, along with the right to due process under the state and federal constitutions, requires that each element of the crime be proven to the jury beyond a reasonable doubt.  *State v. Mau*, 178 Wn.2d 308, 312, 308 P.3d 629 (2013) (due process); *State v. Harris*, 199 Wn. App. 137, 146-47, 398 P.3d 1229

---

[2] *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000).

[3] *Blakely v. Washington*, 542 U.S. 296, 124 S. Ct. 2531, 159 L. Ed. 2d 403 (2004).

(2017) (jury trial), *review denied*, 189 Wn.2d 1034 (2018). In *Blakely*, the United States Supreme Court held that any fact that allows the imposition of a sentence above the standard range, other than prior convictions, must be found by a jury beyond a reasonable doubt. 542 U.S. at 301, 124 S. Ct. 2531, 159 L. Ed. 2d 403.

The imposition of an exceptional sentence is a two-step process directed by statute. *See State v. Sage*, 1 Wn. App. 2d 685, 709-10, 407 P.3d 359 (2017), *review denied*, 191 Wn.2d 1007 (2018), *cert. denied*, 139 S. Ct. 1267 (2019). First, the jury must make a factual determination beyond a reasonable doubt that aggravating circumstances exist. RCW 9.94A.537(3). Aggravating circumstances that must be found by a jury are listed in RCW 9.94A.535(3).

Second, the trial court may impose an exceptional sentence if, considering the purposes of the SRA, the court finds that the jury's finding regarding the aggravating circumstances provides a "substantial and compelling reason[ ] justifying an exceptional sentence." RCW 9.94A.535, .537(6). If the court concludes that an exceptional sentence is justified, it must enter written findings of fact and conclusions of law. RCW 9.94A.535; *see also State v. Friedlund*, 182 Wn.2d 388, 394-95, 341 P.3d 280 (2015).

As noted by the court in *Sage*, "The only permissible 'finding of fact' by a sentencing judge on an exceptional sentence is to confirm that the jury has entered by special verdict its finding that an aggravating circumstance has been proven beyond a reasonable doubt." 1 Wn. App. 2d at 709.

Hurley argues that whether there are substantial and compelling reasons to impose an exceptional sentence is a factual determination that must be determined by the jury. This argument is incorrect.

Division One addressed a similar argument in *Sage*. *Id.* at 707-10. In that case, the jury made specific findings in special verdicts that the State had proved the existence of aggravating factors beyond a reasonable doubt. *Id.* at 709. During sentencing, the trial court relied on the jury's special verdicts and the evidence in support of those special verdicts to conclude that there were substantial and compelling reasons to justify an exceptional sentence. *Id.* at 709-10. The defendant argued that whether the aggravating circumstances were a substantial and compelling reason to impose an exceptional sentence necessarily involves factual questions. *Id.* at 708.

The court noted that previous cases have held that the substantial and compelling determination was a legal conclusion. *Id.* The court stated:

> Washington cases recognize that once the jury by special verdict makes the factual determination whether aggravating circumstances have been proved beyond a reasonable doubt, "[t]he trial judge [is] left only with the legal conclusion of whether the facts alleged and found were sufficiently substantial and compelling to warrant an exceptional sentence."

*Id.* (alterations in original) (quoting *State v. Suleiman*, 158 Wn.2d 280, 290-91, 143 P.3d 795 (2006)).

The court emphasized that once the trial court confirmed that the jury had found an aggravating circumstance, "[t]hen it is up to the [court] to make the legal, not factual, determination whether those aggravating circumstances are sufficiently substantial and compelling to warrant an exceptional sentence." *Id.* at 709. As a result, the court concluded that "the trial court properly analyzed and articulated the basis for the exceptional sentence without engaging in prohibited fact finding." *Id.* at 710.

Hurley argues a different conclusion is required by *Hurst v. Florida*, 577 U.S. 92, 136 S. Ct. 616, 193 L. Ed. 2d 504 (2016). In that case, Florida's sentencing scheme for a defendant

convicted of a capital felony required the sentencing court to conduct a subsequent evidentiary hearing before a jury. *Id.* at 95. The jury provided a recommendation of a life or death sentence without stating the factual basis of its recommendation. *Id.* at 95-96. Although the trial court would consider the jury's recommendation, the court exercised independent judgment to determine whether a death sentence was justified. *Id.* at 96. The Supreme Court held that Florida's capital punishment sentencing scheme violated the Sixth Amendment because it directed the trial court to engage in fact finding to determine whether there were sufficient aggravating circumstances in support of a death sentence. *Id.* at 98-99.

However, the Florida process invalidated by *Hurst* is distinguishable. Unlike in *Hurst*, under the Washington statutory scheme the jury is not just making a recommendation to the trial court whether an aggravating factor exists. Instead, RCW 9.94A.537(3) clearly provides that the jury first must determine if there is sufficient evidence to prove beyond a reasonable doubt the existence of an aggravating factor. The trial court has no role in that determination. Only once the jury has made its factual findings can the trial court determine as a matter of law that those findings justify an exceptional sentence. *See Sage*, 1 Wn. App. 2d at 708-09.[4]

We reject Hurley's claim that Washington's statutory sentencing scheme for exceptional sentences is based on improper judicial fact finding.

---

[4] In a footnote, *Sage* further distinguished *Hurst* on the grounds that Florida's sentencing scheme expressly provided that the jury's sentencing recommendation was advisory, while under the Washington exceptional sentencing procedure "the jury exclusively resolves the factual question whether the aggravating circumstances have been proven beyond a reasonable doubt." 1 Wn. App. 2d at 710 n.86.

## II. Minimum Term for Mandatory Maximum of Life in Prison

Hurley argues that there was not a substantial and compelling reason to impose an exceptional sentence under RCW 9.94A.535 because "[t]here is no basis for an exceptional minimum term when a defendant is sentenced to life in prison." Br. of Appellant at 15. Hurley argues that because "there is no standard range longer than life," "there is no 'substantial and compelling' reason to exceed the 'standard range.' " Br. of Appellant at 16. Hurley appears to be arguing that because he is serving the possibility of a life sentence, there is no reason to impose an exceptional sentence by running minimum terms consecutively. We disagree.

Offenders who are convicted of first degree child molestation are sentenced under RCW 9.94A.507. When offenders are sentenced under RCW 9.94A.507, the court must impose a minimum sentence and a maximum sentence. "[T]he minimum term shall be either within the standard sentence range for the offense, or outside the standard sentence range pursuant to RCW 9.94A.535 . . . ." RCW 9.94A.507(c)(i). Under the SRA, a trial court must impose a sentence within the standard range for the offense unless the court finds substantial and compelling reasons justifying an exceptional sentence. RCW 9.94A.535. The maximum sentence is the statutory maximum for the conviction. RCW 9.94A.507(2)(b).

Hurley's argument that he cannot be subjected to an exceptional sentence by running minimum terms consecutively lacks merit. The legislature has specifically authorized the courts to impose an exceptional minimum sentence under RCW 9.94A.507(3) and RCW 9.94A.535. But more importantly, Hurley's argument conflates his *potential* maximum sentence with the sentence he is *required* to serve. Hurley's minimum standard range for each of his child molestation convictions was 148 to 198 months. Hurley's mandatory maximum sentence was life in prison.

When these minimum ranges are served consecutively, Hurley must serve this minimum time in custody, but that is a separate and distinct question from whether he is guaranteed to serve the entire maximum sentence. Thus, exceptional sentences by running minimum terms consecutively are appropriate, even when the maximum sentence is life in prison.

We determine that there is a reasonable basis to impose an exceptional minimum sentence even when the offender's maximum sentence is life in prison.

### III. REVIEW OF HURLEY'S EXCEPTIONAL SENTENCE

Hurley next challenges his exceptional sentence with two main arguments. First, he argues his exceptional sentence was not supported by the record because invasion of privacy is inherent in the crime of child molestation, and second, it was clearly excessive. We disagree.

#### A. EXCEPTIONAL SENTENCE IS SUPPORTED BY THE RECORD

Hurley argues that an invasion of the victim's privacy is not a substantial and compelling reason to impose an exceptional sentence for child molestation because, essentially, all child molestations include an invasion of privacy. We determine that the trial court did not err by using invasion of privacy as a substantial and compelling reason to impose on Hurley an exceptional sentence for child molestation.[5]

We may review an exceptional sentence to determine whether the reasons for the exceptional sentence are supported by the record. RCW 9.94A.585(4)(a). When imposing an

---

[5] Hurley also argues that use of a position of trust is not a substantial and compelling reason to impose an exceptional sentence for his incest convictions. However, the trial court did not impose an exceptional sentence using the incest convictions, and instead determined that the standard range sentences for the incest counts would run concurrently with Hurley's other convictions. Because the exceptional sentence was not imposed using the incest convictions, we decline to address this argument.

exceptional sentence, the trial court's reasoning must encompass factors other than those that are inherent to the offense. *State v. Nordby*, 106 Wn.2d 514, 518, 723 P.2d 1117 (1986). The substantial and compelling reason for imposing the exceptional sentence cannot be a factor that is necessarily considered in computing the presumptive range. *Id.*

Invasion of privacy is an aggravating circumstance that may support an exceptional sentence. RCW 9.94A.535(3)(p). Being victimized in one's own home typically supports this aggravator. *State v. Falling*, 50 Wn. App. 47, 55, 747 P.2d 1119 (1987). When someone is victimized in their own home, they must contend with " 'the fact that her home is no longer the island of security that she perhaps thought it was.' " *Id.* (quoting *State v. Van Gorden*, 326 N.W.2d 633, 635 (Minn. 1982)) (rape victim had her zone of privacy invaded when she was raped in her bedroom); *State v. Ratliff*, 46 Wn. App. 466, 469-70, 731 P.2d 1114 (1987) (victim's fear caused by defendant's knowledge of her new residence was an invasion of privacy).

Hurley argues that invasion of privacy is always inherent in the crime of child molestation and, therefore, already considered for the presumptive standard range. He points to the common meaning of privacy as "freedom from unauthorized intrusion" and argues that every instance of molestation would constitute an "unauthorized intrusion." Br. of Appellant at 17-18.

Hurley's argument ignores the linkage of invasion of privacy to the sanctity of the home. *See Falling*, 50 Wn. App. at 55. The crime of child molestation, by itself, does not have a similar linkage; it does not involve the consideration of the location of the molestation or whether the crime occurred where the child lived. *See* RCW 9A.44.083 ("A person is guilty of child molestation in the first degree when the person has, or knowingly causes another person under the age of eighteen to have, sexual contact with another who is less than twelve years old and the

10

perpetrator is at least thirty-six months older than the victim."); *State v. Hernandez*, 54 Wn. App 323, 327, 773 P.2d 857 (1989) ("Normally, the place of a crime is not an element."), *reversed on other grounds by State v. Batista,* 116 Wn.2d 777, 808 P.2d 1141 (1991). Thus, the invasion of privacy aggravator is not inherent in child molestation because it includes factors outside the scope of the presumptive range for a child molestation conviction.

Here, Hurley's children were solely victimized in their family home. This location for the abuse clearly qualifies as an invasion of privacy. And because this invasion of privacy is not inherent in the crime of child molestation, it was a permissible substantial and compelling reason to impose Hurley's consecutive sentences.[6]

B. CLEARLY EXCESSIVE SENTENCE

Hurley also argues that his sentence was clearly excessive. Specifically, he argues that his sentence does not align with the general purposes of sentencing under RCW 9.94A.010 of the SRA. We conclude that Hurley's sentence is not clearly excessive.

We review whether a sentence is clearly excessive for an abuse of discretion. *State v. Law*, 154 Wn.2d 85, 93, 110 P.3d 717 (2005). The trial court abuses its discretion when a sentence is based on untenable grounds or reasons, or it is a decision no reasonable person would make.

---

[6] Hurley requests that we remand for resentencing. Even if we determined that invasion of privacy was not a substantial and compelling reason to impose an exceptional sentence, we would still affirm Hurley's exceptional sentence. We may affirm an exceptional sentence even when not every aggravating circumstance is valid, and affirming the sentence is particularly appropriate when the trial court expressly states that it would have imposed the exceptional sentence if any singular aggravating circumstance alone was present. *State v. Weller*, 185 Wn. App. 913, 930, 344 P.3d 695, *review denied*, 183 Wn.2d 1010 (2015). Here, the trial court stated that it would have imposed the exceptional sentence based on use of a position of trust alone for Hurley's child molestation convictions, and Hurley does not challenge that aggravating circumstance for his child molestation convictions.

*State v. Ritchie*, 126 Wn.2d 388, 393, 894 P.2d 1308 (1995). If based on proper reasons, "we will find a sentence excessive only if its length, in light of the record, 'shocks the conscience.' " *State v. Kolesnik*, 146 Wn. App. 790, 805, 192 P.3d 937 (2008) (quoting *State v. Vaughn*, 83 Wn. App. 669, 681, 924 P.2d 27 (1996)), *review denied*, 165 Wn.2d 1050 (2009).

Hurley argues that the trial court abused its discretion because the sentence did not align with the purposes of the SRA. Hurley lists multiple factors to argue his sentence does not comport with RCW 9.94A.010, including his lack of criminal history, that the seriousness of child molestation is already factored into the standard range, the charging decision by the prosecutor to include both incest and child molestation, that others convicted of similar crimes may have received lighter sentences, and the financial consequences of his long-term incarceration.[7]

Notwithstanding Hurley's list, the trial court did not abuse its discretion with this sentence for at least three reasons. First, Hurley's sentence was not based on untenable grounds or imposed for untenable reasons. Hurley was sentenced to an exceptional sentence by running two minimum

---

[7] RCW 9.94A.010 provides:

The purpose of this chapter is to make the criminal justice system accountable to the public by developing a system for the sentencing of felony offenders which structures, but does not eliminate, discretionary decisions affecting sentences, and to:

(1) Ensure that the punishment for a criminal offense is proportionate to the seriousness of the offense and the offender's criminal history;

(2) Promote respect for the law by providing punishment which is just;

(3) Be commensurate with the punishment imposed on others committing similar offenses;

(4) Protect the public;

(5) Offer the offender an opportunity to improve himself or herself;

(6) Make frugal use of the state's and local governments' resources; and

(7) Reduce the risk of reoffending by offenders in the community.

terms consecutively for multiple convictions of child molestation, which the SRA allows. *See* RCW 9.94A.507, .535, .589. The mandatory minimum sentence for each of Hurley's convictions was 148 to 198 months, and Hurley was sentenced to the middle of that range for each conviction, at 160 months for each. Although Hurley was charged for two crimes each for the abuse of each child, he was only sentenced to consecutive sentences for one of the two counts for the two different children—the two instances of child molestation. The trial court imposed a sentence that it was allowed to under the SRA and therefore did not impose Hurley's sentence on untenable grounds or for untenable reasons.

Second, this is not a sentence that no reasonable person would impose. Hurley is serving consecutive sentences for two convictions relating to two children. As the trial judge, who heard the evidence and observed the witnesses, explained, this type of sentence was intended to reflect the damage caused to two separate lives. Such a sentence under these circumstances is not outside reason. Because this sentence was not for untenable grounds or reasons and was not a sentence that no reasonable person would impose, the trial court did not abuse its discretion.

Third, Hurley was sentenced to a maximum of a life term as authorized for these specific crimes. Under these circumstances, the minimum time in custody imposed as an exceptional sentence by the trial court cannot be said to be "clearly too excessive." *See State v. Clarke*, 156 Wn.2d 880, 896, 134 P.3d 188 (2006) ("A 204 month exceptional sentence is not 'clearly too excessive,' particularly when RCW 9.94A.712 authorizes a sentence of life imprisonment for [defendant's] convictions."), *cert. denied*, 552 U.S. 885 (2007).

Having concluded the sentence was based on proper reasons, the final basis to find Hurley's sentence excessive is if it shocks the conscience. Here, under the circumstances of these disturbing

13

crimes, 320 months to life, while long, is not so excessive that it can be said to shock the conscience.

Because the trial court did not abuse its discretion in imposing its sentence and the sentence does not shock the conscience, Hurley's sentence is not clearly excessive.

## CONCLUSION

We affirm Hurley's sentence.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

PRICE, J.

We concur:

WORSWICK, P.J.

MAXA, J.