[No. 20838–1–I.   Division One.   May 8, 1989.]

*In the Matter of the Personal Restraint of*
ROBERT WESLEY KING, *Petitioner.*

*Rita Griffith* of *Washington Appellate Defender Association,* for petitioner.

*Kenneth O. Eikenberry, Attorney General,* and *Ann E. Salay* and *James B. Hansen, Assistants,* for respondent.

WINSOR, J.—Robert Wesley King seeks relief from personal restraint. King claims that the exceptionally long minimum term set by the Indeterminate Sentence Review Board (the Board) is not justified.

In September 1975, King pleaded guilty to two counts of rape. In exchange for the guilty pleas, the prosecutor agreed to dismiss two counts of first degree burglary, one count of grand larceny, two counts of second degree burglary, and one count of second degree assault; and to recommend that King serve concurrent 10–year minimums on each rape count.

King was sentenced in October 1975. The prosecutor made the agreed upon recommendations, but the sentencing judge rejected the recommendations and imposed two consecutive life sentences. The judge also recommended minimum terms of 50 years on each count. On June 10, 1976, the Board of Prison Terms and Paroles imposed consecutive minimum terms of 25 years for each rape.

On June 8, 1987, the Board reevaluated King's minimum terms pursuant to SHB 1400 and *Addleman v. Board of Prison Terms & Paroles*, 107 Wn.2d 503, 730 P.2d 1327 (1986). The Board assigned King's offenses a seriousness level of 10.[1] It determined that King's offender score was 6. The Board calculated that the sentencing reform act's (SRA) standard range for each rape was 98 to 130 months. *See* RCW 9.94A.310. The Board determined, however, that an exceptional sentence was merited and imposed a 230–month minimum term on one rape and a 240–month minimum term on the other rape, to run consecutively. The Board altered this decision on July 7, 1988, in accordance with *In re Irwin*, 110 Wn.2d 175, 751 P.2d 289 (1988); the minimum terms are now to run concurrently. Thus, King's minimum term is now 240 months.

---

[1] King was convicted of rape under former RCW 9.79.010. Currently, the crime of rape is divided into three degrees. The Board equated King's offenses to first degree rape, RCW 9A.44.040, which has been assigned a seriousness level of 10. RCW 9.94A.320. The Board's determination was judicially affirmed January 12, 1988. *Cf.* RCW 9.94A.360(3).

On August 20, 1987, King filed a personal restraint petition challenging his new minimum term, raising 10 issues. The Acting Chief Judge dismissed all issues except whether the Board provided adequate written reasons for the exceptional sentences, and whether the Board may consider charges which were dismissed in setting the minimum terms. The case was then referred to this panel. We affirm the 240–month minimum term.

The SRA changed the criminal sentencing system from an indeterminate system to a determinate system effective July 1, 1984. While the SRA's effect is prospective only, RCW 9.95.009(2) provides that when making decisions on the duration of confinement of a person convicted of a crime before July 1, 1984, the Board shall

> consider the purposes, standards, and sentencing ranges adopted pursuant to [the SRA] and the minimum term recommendations of the sentencing judge and prosecuting attorney, and shall attempt to make decisions reasonably consistent with those ranges, standards, purposes, and recommendations . . . In making such decisions, the board and its successors shall consider the different charging and disposition practices under the indeterminate sentencing system.

RCW 9.95.009(2).

The Board may set a minimum term outside the SRA standard range if it provides adequate written reasons for imposing the exceptional sentence. *In re Whitesel,* 111 Wn.2d 621, 628, 763 P.2d 199 (1988); RCW 9.95.009(2). Courts will not interfere with a Board determination in this area unless the Board is first shown to have abused its discretion in setting the prisoner's minimum term. *Whitesel,* 111 Wn.2d at 628; *In re Myers,* 105 Wn.2d 257, 264, 714 P.2d 303 (1986). Discretion is abused only where it can be said that no reasonable person would take the view adopted by the Board. *Myers,* 105 Wn.2d at 265.

As one of its reasons for the exceptional sentence, the Board noted that both victims were asleep with a young child when King assaulted them. Whether the presence of a young child during a sexual assault is an appropriate

aggravating factor for an exceptional sentence is one of first impression in Washington, but has been addressed by the Minnesota court. Minnesota cases on sentencing are persuasive authority in Washington. *State v. Nordby,* 106 Wn.2d 514, 521 n.5, 723 P.2d 1117 (1986) (Utter, J., dissenting); *State v. Falling,* 50 Wn. App. 47, 55, 747 P.2d 1119 (1987). The Minnesota courts have held that the presence of young children during the commission of a crime is an appropriate aggravating circumstance. *See, e.g., State v. Profit,* 323 N.W.2d 34, 36 (Minn. 1982) (defendant held a knife on day–care worker while he walked the victim to the outer door in front of the children); *State v. Gaines,* 408 N.W.2d 914, 918 (Minn. Ct. App. 1987) (victim was raped "in the presence of her 4½–year–old daughter, who was traumatized by the incident to the extent she sought and is receiving psychiatric care"), *review denied* (Sept. 18, 1987); *State v. Eberhardt,* 379 N.W.2d 242, 246 (Minn. Ct. App. 1986) (victim was raped in the presence of her 5–year–old son; impact on child not discussed), *review denied* (Feb. 19, 1986); *State v. Southard,* 360 N.W.2d 376 (Minn. Ct. App. 1985) (defendants threatened to harm the rape victim's young child if she did not cooperate), *review denied* (Apr. 12, 1985). We agree with the Minnesota courts that committing an assault in front of young children may be a particularly outrageous act which merits an exceptional sentence.

The relief requested by King's personal restraint petition is hereby denied.

The remainder of this opinion has no precedential value. Therefore, it will not be published, but it has been filed for public record. *See* RCW 2.06.040; CAR 14.

SWANSON and SCHOLFIELD, JJ., concur.