[No. 27005-2-I.    Division One.    April 13, 1992.]

THE STATE OF WASHINGTON, *Respondent,* v. JOHNNY JAMES, JR., *Appellant.*

*Dennis Benjamin* and *Lorraine Lee* of *Washington Appellate Defender Association,* for appellant.

*Norm Maleng, Prosecuting Attorney,* and *Pamela Mohr, Deputy,* for respondent.

COLEMAN, J. — Johnny James appeals the Superior Court's order imposing the same exceptional sentence on remand that had been originally imposed. We affirm.

T, 27, is the single mother of two sons, Jaycee, 9, and Jimmy, 4. T supported her sons by working as a food waitress during the day and working part time as a cocktail waitress in the evening. After finishing her daytime waitressing shift on Friday, October 2, 1987, T arranged for a baby-sitter for her boys and went out for the evening. She picked up Jaycee and returned home sometime after 2:30 a.m., where she and Jaycee fell asleep on her bed while watching TV.

About 4:15 a.m. T was awakened by Johnny James, who had his hand over her mouth and a knife poked in her throat. T recognized James as a man who "kept coming in down where she worked." James whispered, "If you wake up your son, I will stab him." Then James took T from the bedroom to other parts of the house and inflicted superficial knife cuts on her hands, neck, chest, back, legs and thighs while attempting to rape her. He forced her to drink from a pint bottle of rum, cut her nightgown off with his knife, and blindfolded her. At one point he covered T's head with pillows and said he would be right back, and T thought James was going to stab her son. After James completed the act of intercourse, he stated that he should kill T, and as James left, he threatened to kill T and her son if she called the police. T's ordeal lasted at least 45 minutes.

After James left, T ran to her bedroom and started yelling to awaken her son. Then T wrapped herself in a blanket, and she and Jaycee ran to a neighbor's house where they banged on the front door. The neighbor reported that T was hysterical and stated, "He raped me. He's going to kill me." T later discovered that her car was missing from its parking space in front of the house.

James was convicted of first degree rape, first degree burglary, and taking a motor vehicle without permission. Pursuant to the rape conviction, the trial court calculated James' offender score to be 7 and the standard sentencing range to be 108 to 144 months but imposed an exceptional sentence of 216 months for four reasons: (1) deliberate cruelty toward the victim; (2) while committing multiple rapes; (3) "in the victim's zone of privacy"; (4) by a repeat offender. James appealed.

This court affirmed the conviction, but remanded for resentencing because the offender score had been incorrectly calculated and the third and fourth reasons given for the exceptional sentence were invalid. *State v. James*, 55 Wn. App. 1007 (1989), slip op. at 7 (*James* I) (unpublished opinion). Upon remand the Superior Court recalculated the offender score to be 5 and determined the standard sentencing range to be 77 to 102 months. Then the Superior Court reiterated the two reasons for imposing an exceptional sentence upheld by this court in *James* I, added a third reason, and imposed the same 216-month exceptional sentence that had been imposed following trial. James appeals.

■ The sole issue on appeal is whether the exceptional sentence was properly imposed on remand.

Review of an exceptional sentence under RCW 9.94A-.210(4) involves three determinations.[1] First, the appellate court determines "whether the trial court's reasons for

---

[1] RCW 9.94A.210(4) provides:

"To reverse a sentence which is outside the sentence range, the reviewing court must find: (a) Either that the reasons supplied by the sentencing judge are not supported by the record which was before the judge or that those reasons do not justify a sentence outside the standard range for that offense; or (b) that the sentence imposed was clearly excessive or clearly too lenient."

imposing an exceptional sentence are supported by the record. This is a factual inquiry and the trial court's findings will be upheld unless they are clearly erroneous." *State v. McAlpin*, 108 Wn.2d 458, 462, 740 P.2d 824 (1987); RCW 9.94A.210(4)(a). Second, the reviewing court determines, "as a matter of law, whether the trial court's reasons justify an exceptional sentence." *McAlpin*, at 463; RCW 9.94A.210-(4)(a). "The reasons . . . must take into account factors [which are not considered] in computing the presumptive range[.]" *State v. Nordby*, 106 Wn.2d 514, 518, 723 P.2d 1117 (1986). Third, the reviewing court must determine whether the trial court abused its discretion and imposed a sentence which was " 'clearly excessive' ". *McAlpin*, at 467; RCW 9.94A.210-(4)(b).

James first assigns error to the exceptional sentence on remand, alleging that the Superior Court's third reason for imposing an exceptional sentence is not supported by the record. The third reason stated: "The crime commenced in the presence of, and with threats to kill the victim[']s 9-year-old child. This substantially increased the trauma to the victim[.]" However, the record supports the conclusion that T's suffering was increased by her son's proximity. James held a knife to T's throat while she was asleep next to her son and threatened to stab her son if he awakened. After taking T to other parts of the house, James covered T's head with pillows and said he would be right back, and T thought he was going to stab her son. In addition, James threatened to kill T and her son if she called the police. The court could reasonably infer that T thought her son might be killed, and the record reveals that T feared that her son would find her dead in the basement. Considering these facts, we conclude that the court's findings are supported by the record.

James next assigns error to the sentence on remand, alleging that the Superior Court's third reason for imposing an exceptional sentence is insufficient as a matter of law. James attacks the legal sufficiency of the Superior Court's third factor on two grounds.

■ First, James alleges that the third reason cannot justify an exceptional sentence because threats to kill the 9-year-old child constituted an element of the crime of first degree rape. Facts which constitute an element of the crime cannot be used to justify an exceptional sentence. *See State v. Dunaway*, 109 Wn.2d 207, 218, 743 P.2d 1237, 749 P.2d 160 (1987); *Nordby*, at 518. However, the elements of rape in the first degree were satisfied when James forcibly raped T at knifepoint and threatened to kill her. The State did not have to establish James' threats to kill T's son in order to prove forcible compulsion. Therefore, these threats could be used to justify an exceptional sentence.

Second, James alleges that the third factor is insufficient because no cases stand for the proposition that trauma to the victim caused by the proximity of and threats to her sleeping child is an aggravating factor justifying an exceptional sentence. The State concedes that this is an issue of first impression in our courts. Prior cases focus on the harm done to the child from witnessing or being aware of the crime.[2]

■ ■ Nonetheless, two recent Minnesota cases suggest that threats to a nearby child increase the victim's trauma and justify an exceptional sentence. "Minnesota cases on sentencing are persuasive authority in Washington." *In re King*, 54 Wn. App. 50, 53, 772 P.2d 521 (1989). In *State v. Pickett*, 343 N.W.2d 670 (Minn. Ct. App. 1984), an exceptional sentence was upheld because the child was traumatized by witnessing the mother's rape and the mother was "subjected to . . . 'psychological terror' for the safety of the child." *Pickett*, at 674 (affirming sentence of 333 months where "the defendant threatened to hurt or kill the child"), *remanded for resentencing*, 358 N.W.2d 38, 39 (Minn.), *modified on other grounds*, 375 N.W.2d 105, 107-08 (Minn. Ct.

---

[2]*In re King*, 54 Wn. App. 50, 52-53, 772 P.2d 521 (1989) (exceptional sentence upheld where rape committed in front of young children); *State v. Gurske*, 424 N.W.2d 300, 305 (Minn. Ct. App. 1988) (exceptional sentence upheld where child victimized because father stabbed and set fire to mother while 3-year-old was in another room).

App. 1985) (sentence affirmed as modified to 315 months). In *State v. Southard*, 360 N.W.2d 376, 383 (Minn. Ct. App. 1985), an exceptional sentence was justified because of the defendants' deliberate cruelty to the victim, which included threats to rape and kill her 3-month-old child. *See Southard*, at 379, 383 (3-month-old daughter asleep in another room during sexual attack). We find the reasoning of these cases persuasive and take this opportunity to hold that trauma to a victim caused by threats to a nearby child is an aggravating factor justifying an exceptional sentence.[3]

█ Finally, James assigns error to the sentence on remand, alleging that the Superior Court abused its discretion by imposing a sentence which was clearly excessive. "An exceptional sentence is 'clearly excessive' only if no reasonable person would impose it." *State v. Creekmore*, 55 Wn. App. 852, 863, 783 P.2d 1068 (1989), *review denied*, 114 Wn.2d 1020 (1990). However, James' 216-month sentence cannot be ruled excessive because similar sentences have been imposed in other cases. In *In re King*, 54 Wn. App. 50, 51, 772 P.2d 521 (1989), the defendant pleaded guilty to two counts of rape and was ultimately sentenced to 230 and 240 months on each count, the sentences to run concurrently. The standard sentence range for each rape was 98 to 130 months. In *State v. Dennis*, 45 Wn. App. 893, 895, 728 P.2d 1075 (1986), *review denied*, 108 Wn.2d 1008 (1987), one defendant pleaded guilty to first degree rape and first degree kidnapping and received a sentence 2 months longer than twice the maximum of his standard range. In light of the sentences upheld in *King* and *Dennis*, we cannot say that no reasonable person would have imposed the exceptional sentence given here. The Superior Court did not abuse its discretion.[4]

---

[3]Moreover, even assuming arguendo that threats to a nearby child are not an independent aggravating factor as a matter of law, such threats are a form of deliberate cruelty to the victim which adds weight to the first reason for imposing an exceptional sentence already affirmed by this court.

[4]Citing *State v. Pryor*, 56 Wn. App. 107, 122-23, 782 P.2d 1076 (1989), *aff'd on other grounds*, 115 Wn.2d 445, 799 P.2d 244 (1990), James also asserts that

The order of the Superior Court is affirmed.

WEBSTER, A.C.J., and KENNEDY, J., concur.

Review denied at 119 Wn.2d 1022 (1992).

the trial court abused its discretion in setting the exceptional sentence because it did not articulate why it selected 216 months. While it is preferable and in some instances necessary for the trial court to articulate its reasons, the omission here is not fatal. The record amply supports the imposition of an exceptional sentence, and the sentence is not so excessive that "no reasonable person would impose it." *See Creekmore*, at 863.