12 F.3d 1105
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Roger G. ALTUM, Petitioner-Appellant,
v.
James BLODGETT, Respondent-Appellee.
 No. 92-35308.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 3, 1993.
Decided Nov. 19, 1993.
 
 Before: WRIGHT, CANBY and REINHARDT, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Roger G. Altum, a Washington state prisoner, appeals pro se the district court's denial of his 28 U.S.C. Sec. 2254 habeas corpus petition. We review de novo, Norris v. Risley, 878 F.2d 1178, 1180 (9th Cir.1989), and we affirm.
 
 
 3
 * Background
 
 
 4
 In 1985, following a bench trial, Altum was convicted of two counts of first degree rape and one count of second degree robbery. Under the Washington Sentencing Reform Act ("WSRA"), the presumptive sentencing ranges were 98-130 months for the rapes and 33-43 months for the robbery. The trial court, however, departed from the presumptive sentencing ranges and sentenced Altum to 480 months for each rape count and 120 months for the robbery count; the court ordered all three sentences to run concurrently. On appeal, the Washington Court of Appeals affirmed Altum's convictions and sentences. State v. Altum, 735 P.2d 1356, 1360-61 (Wash.App.1987). The Washington Supreme Court denied Altum's petition for discretionary review. State v. Altum, 108 Wash.2d 1024 (1987). In 1990, Altum filed a federal habeas petition and alleged twelve grounds for relief. Eleven of Altum's claims related to his sentence; the other challenged his conviction. The district court denied the petition, and Altum appealed.
 
 II
 Sentencing Issues
 
 5
 Altum contends that his 480-month sentence was imposed in violation of Washington state law. Altum's first seven claims allege that the trial court relied on improper factors when it imposed a sentence outside of the presumptive guideline range. In particular, Altum challenges the trial court's reliance on:
 
 
 6
 (1) his juvenile conviction;
 
 
 7
 (2) alleged assaults on his wife for which he had never been charged;
 
 
 8
 (3) the victim's vulnerability;
 
 
 9
 (4) the amount of violence he used against the victim during the commission of the offenses;
 
 
 10
 (5) the manner and place of the victim's release after the offenses had been committed;
 
 
 11
 (6) the threats and intimidation he directed against the victim; and
 
 
 12
 (7) the duration of the offenses.
 
 
 13
 Altum further asserts that his sentence violated state law because:
 
 
 14
 (1) his offender score was incorrectly calculated because all three counts of conviction were part of "the same criminal conduct;"
 
 
 15
 (2) the robbery was committed during the course of the rapes and therefore should not have been considered a separate crime;
 
 
 16
 (3) when imposing sentence, the trial court failed to consider mitigating factors such as his intoxication and depression at the time he committed the offenses;
 
 
 17
 (4) the "abuse of discretion" standard applied by the Washington Court of Appeals when it reviews exceptional sentences is too lenient.
 
 
 18
 We cannot review the merits of Altum's challenges to his sentence because he has alleged only violations of state law. Both the Washington Court of Appeals and the Washington Supreme Court have decided that Altum's sentence does not violate the WSRA. Among other things, the Washington Court of Appeals held that Altum's deliberate cruelty toward the victim compelled an upward departure under state law, and that Altum's exceptional sentence was proper under the Washington standard of review. Altum, 735 P.2d at 1360-61. The Washington appellate courts are the final arbiters of questions of state sentencing law, and we cannot reexamine their conclusions. See Estelle v. McGuire, 112 S.Ct. 475, 480 (1991) ("it is not the province of a federal habeas court to reexamine state court determinations on state law questions"); Wainwright v. Goode, 464 U.S. 78, 84 (1983) (per curiam) ("the views of the State's highest court with respect to state law are binding on the federal courts"); Oxborrow v. Eikenberry, 877 F.2d 1395, 1399 (9th Cir.) ("[t]he Washington Supreme Court must be recognized as the ultimate expositor of its own state law"), cert. denied, 493 U.S. 942 (1989).
 
 
 19
 Moreover, Altum has failed to demonstrate that his sentence violates any of his federal constitutional rights. Altum's assertion that other convicted rapists have received lesser sentences than he does not state a Fourteenth Amendment equal protection claim. See McQueary v. Blodgett, 924 F.2d 829, 835 (9th Cir.1991) ("[t]here must be an allegation of invidiousness or illegitimacy in the statutory scheme before a cognizable [equal protection] claim arises: it is a 'settled rule that the Fourteenth Amendment guarantees equal laws, not equal results' ") (quoting Personnel Adm'r v. Feeney, 442 U.S. 256, 273 (1979)). Accordingly, we conclude that the district court properly rejected Altum's challenges to his sentence.
 
 III
 Double Jeopardy
 
 20
 Altum contends that his conviction of two counts of first degree rape violated the double jeopardy clause of the Fifth Amendment. We disagree. Each rape count was based on a different act of forcible sexual intercourse with the victim; moreover, the two rapes occurred at different times and places. Accordingly, because each rape count required proof of different facts, Altum's convictions do not violate the double jeopardy clause. See Brown v. Ohio, 432 U.S. 161, 166 (1977) (no double jeopardy violation exists if each count of conviction " 'requires proof of a fact that the other does not' ") (quoting Iannelli v. United States, 420 U.S. 770, 785 n. 17 (1975) and citing Blockburger v. United States, 284 U.S. 299, 304 (1932)).
 
 
 21
 AFFIRMED.
 
 REINHARDT, Circuit Judge, dissenting:
 
 22
 I dissent. The state trial judge based Altum's exceptional 40-year sentence in part on a finding of "dangerousness" predicated on uncharged allegations that Altum had beaten his wife. But uncharged conduct does not constitute a basis for upward departure under Washington law. At the time of Altum's sentencing, RECW 9.94A.370 provided that
 
 
 23
 Real facts that establish elements of a higher crime, a more serious crime, or additional crimes cannot be used to go outside the presumptive sentence range except upon stipulation.
 
 
 24
 The Washington Supreme Court has made it clear that RECW 9.94A.370 means exactly what is says: "The 'real facts' or 'established facts' concept excludes consideration of either uncharged crimes or of crimes that were charged but later dismissed." State v. McAlpin, 740 P.2d 824, 828 (Wash.1987). Allegations that have not resulted in convictions "may not be considered at all." Id. Thus, it is clear that the "dangerousness" finding was an unlawful justification for upward departure. The majority does not dispute this proposition.
 
 
 25
 As a result, it is clear that under state law Altum's sentence is illegal unless the Washington appellate court "cured" the error by resentencing Altum to the same 40-year term on the basis of the two permissible grounds cited by the state trial court: 1) Altum's excessive cruelty, and 2) the victim's special vulnerability.[1] A careful reading of the opinion of the Washington Court of Appeals reveals that Altum was not "resentenced" on the basis of the two permissible justifications for upward departure. After setting forth the detailed facts that support the other two justifications, the state appellate court said:
 
 
 26
 In reviewing this issue, we must look at whether the trial court abused its discretion in that its decision was "clearly unreasonable, i.e., exercised on untenable grounds for untenable reasons, or an action that no reasonable person would have taken." Under the facts of this case, we cannot say that no reasonable person would have imposed the exceptional sentence imposed on Altum.
 
 
 27
 State v. Altum, 735 P.2d 1356, 1361 (Wash.App.1987) (citations omitted).
 
 
 28
 The state appellate court's opinion demonstrates that it did not engage in appellate resentencing. Instead, the appellate court held that the state trial court's sentence was not "clearly unreasonable." It stated this conclusion on the basis of the two permissible justifications cited by the trial court. In short, acting under an abuse of discretion standard, the appellate court merely declined to overrule the trial court's sentence. It clearly did not exercise its independent discretion to fix the sentence at the number of years it deemed proper. At most it determined that the sentence announced by the trial court was within the permissible range. That, in my view, does not constitute "resentencing" by an appellate court. As a result, Altum is entitled to habeas corpus relief. See Hicks v. Oklahoma, 447 U.S. 343 (1980).
 
 
 29
 In Hicks, the Court found a federal due process violation where, despite a state statute which entitled the defendant to a sentence imposed by a jury, the judge instructed the jury to impose a 40-year sentence pursuant to a state habitual offender statute. The habitual offender statute was subsequently declared invalid under the Oklahoma Constitution in a separate case. Hicks sought to have his 40-year sentence set aside in view of the unconstitutionality of the habitual offender provision. The Court summarily rejected the government's argument that the error was harmless and did not implicate due process because the same sentence might have been imposed had state sentencing laws been followed. According to the Court, Hicks could not be deprived of "the jury sentence he was entitled to under state law, simply on the frail conjecture that a jury might have imposed a sentence equally as harsh as that mandated by the invalid habitual offender provision." Id. at 346.
 
 
 30
 Hicks controls this case. We cannot properly indulge in the "frail conjecture" that the state court would have sentenced Altum to the same 40-year term based on the excessive cruelty and special vulnerability findings alone. The state court's use of an unlawful finding to support its upward departure requires that we remand for resentencing.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir.R. 36-3
 
 
 [1]
 It is far from clear whether under Washington law appellate resentencing is permissible under the circumstances present here. See State v. Pryor, 799 P.2d 244 (Wash.1990) ("Generally, remand is necessary when the trial court places significant weight on an inappropriate factor, or where some factors are inappropriate and the exceptional sentence significantly deviates from the standard range."). For the purposes of this dissent, however, I assume that "resentencing" would have been lawful