**FILED**
**AUGUST 14, 2018**
**In the Office of the Clerk of Court**
**WA State Court of Appeals, Division III**

IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | |
| | ) | No. 35071-1-III |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| TANA JO CHAVEZ, | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant. | ) | |

FEARING, J. — Tana Chavez seeks reversal of her conviction for vehicular homicide by attacking the validity of the State's charging information. Chavez seeks reversal of a sentencing aggravator by attacking the sufficiency of evidence for the imposition of the aggravator. We find no error and affirm the conviction and the sentencing.

FACTS

On August 29, 2016, 6:20 p.m., Tana Chavez drove her pickup truck westbound on Chestnut Street, in Clarkston, until she approached the intersection of Chestnut and Sixth Street. Chavez turned left at the intersection onto Sixth Street when the traffic light controlling her lane shone green. Simultaneously ninety-year-old Charles Mingus, riding a red scooter with an orange safety flag, headed east on Chestnut and crossed the Sixth Street intersection within the marked crosswalk which had a "walk" traffic signal.

Chavez's pickup struck Mingus. Mingus flew from his scooter and, as he landed on his back, struck hit his head on the street.

Once on the scene, law enforcement officers administered field sobriety tests on Tana Chavez, which Chavez failed. Chavez slurred her speech, while admitting to drinking a pint or more of vodka. Tests registered Chavez's blood alcohol level at 0.27 and her blood THC level at 6.8 ng/ml. The next day, August 30, 2016, Mingus died from the injuries he sustained at the Clarkston intersection.

PROCEDURE

On August 31, 2016, the State of Washington charged Tana Chavez with vehicular homicide. The information succinctly alleged:

> on or about the 29th day of August 2016, in Asotin County, Washington, the Defendant operated a motor vehicle while under the influence of alcohol or drugs, and this conduct was the proximate cause of injury which caused the death of Charles J. Mingus.

Clerk's Papers (CP) at 1. On December 14, 2016, the State filed notice of intent to seek an exceptional sentence above the standard sentencing range pursuant to RCW 9.94A.535(3)(b), based on an aggravating circumstance of the particular vulnerability of the victim.

Tana Chavez waived her right to a jury trial and elected a stipulated facts trial. Chavez, however, did not stipulate to any facts regarding the sentence aggravator. The trial court found Chavez guilty of vehicular homicide.

After declaring Tana Chavez guilty of the charged crime, the trial court conducted an evidentiary hearing on the particularly vulnerable victim aggravating factor. The State called Charles Mingus' son-in-law as a witness. The son-in-law testified to the physical capabilities and impairments of Mingus and the provision of the scooter to Mingus to assist in his mobility. In an oral ruling, the trial court found Mingus to be particularly vulnerable and explained:

> This was a gentlemen 90 years of age with vision and hearing problems, one knee replaced, the other one waiting, dystrophic left arm, COPD, oxygen dependent at night, ah, confined to a scooter to get around. I don't know how much more, ah, vulnerable you get than that.
> The[y] knew or should have known, ah, if that were an element to be considered, anybody observing an elderly gentlemen in a Rascal [scooter] in a crosswalk with a bike flag should understand that that is a particularly vulnerable person. They should be aware. Whether they are or not is not part of the element. They should be aware that that is a particularly vulnerable victim.

Report of Proceedings at 52.

In written findings of fact, the trial court found Charles Mingus vulnerable based on these factors:

(a) he was ninety years old,

(b) his eyesight and hearing were impaired,

(c) his balance and reactions were impaired,

(d) his mobility was limited as he had to move about in a scooter,

(e) his family selected the color red for the scooter for safety purposes,

(f) the scooter displayed an orange warning flag,

(g) his family developed for him a safe "path of travel," which included crosswalks at intersections controlled by traffic lights and exhibiting curb cuts,

(h) he followed this "safe" route when Chavez struck and killed him, and

(i) when struck, he crossed a city street in daylight hours in a marked crosswalk with a "walk" light in his favor.

Tana Chavez carried an offender score of zero and faced a standard range sentence of 78 to 102 months' confinement. The trial court imposed an exceptional sentence of 120 months' confinement based on the particularly vulnerable victim aggravator.

LAW AND ANALYSIS

Sufficiency of Charging Information

On appeal, Tana Chavez contends that the charging information suffered from a constitutional deficiency. She also argues that insufficient evidence supported the trial court's imposition of the sentence aggravator of a particularly vulnerable victim. We address the assignments of error in such order.

Chavez did not object to the sufficiency of the information before the trial court. Chavez does not attempt to argue that the claimed error constitutes a manifest error affecting a constitutional right. Yet, the State does not challenge Chavez's ability to raise this contention for the first time. At least one Washington court has held that a deficient information reaches a constitutional magnitude reviewable for the first time on appeal.

4

*State v. Davis*, 60 Wn. App. 813, 816, 808 P.2d 167 (1991), a*ff'd*, 119 Wn.2d 657, 835 P.2d 1039 (1992).

The State must include all essential elements of a crime, statutory or otherwise, in a charging document in order to afford notice to the accused of the nature and cause of the accusation against her. *State v. Kjorsvik*, 117 Wn.2d 93, 97, 812 P.2d 86 (1991). This rule assists an accused in preparing a defense. *State v. Kjorsvik*, 117 Wn.2d at 101. When considering a challenge to the sufficiency of the information for the first time on appeal, the court liberally construes the charging instrument and analyzes whether the necessary facts appear in any form or, by fair construction, can be found in the charging document. *State v. Kjorsvik*, 117 Wn.2d at 105. If the information lacks necessary facts, we presume prejudice and reverse the conviction. *State v. McCarty*, 140 Wn.2d 420, 425, 998 P.2d 296 (2000).

An accused commits vehicular homicide when the death of the victim ensues within three years as a proximate result of injury caused by the driving of a vehicle if, among other ways, the driver operated the motor vehicle while under the influence of intoxicating liquor or any drug. RCW 46.61.520(1)(a). Accordingly, the pattern "to convict" instruction lists five essential elements that must be proven to convict someone of the crime. If the State asserts the accused drove while intoxicated, the essential elements are: (1) that on or about an identified date, the defendant operated a motor vehicle, (2) that the defendant's operation of the motor vehicle proximately caused injury

5

to another person, (3) that at the time of causing the injury, the defendant operated a motor vehicle while under the influence of intoxicating liquor or drugs, (4) that the injured person died within three years as a proximate result of the injuries, and (5) that the defendant's acts occurred in Washington State. 11A WASHINGTON PRACTICE: WASHINGTON PATTERN JURY INSTRUCTIONS: CRIMINAL 90.02, at 264 (4th ed. 2016).

Tana Chavez asserts numerous defects in wording invalidate the State's charging information. She first argues that the document did not indicate that death was a proximate cause of injury. Nevertheless, this argument twists the event that causes another event. Death is never a proximate cause of injury. Instead, an injury causes death. Death being a proximate cause of injury is not an element of vehicular homicide. The fact that a defendant's conduct proximately caused the injury is an element of the crime along with the element that the victim died as a proximate result of the injuries. The State pled both of these elements in the information charging Chavez.

Tana Chavez next argues the State's charging information omitted an allegation that injury was a proximate cause of being under the influence of intoxicants. Again, Chavez thinks backward. The State need not prove that an injury resulted in the accused being intoxicated. Next Chavez argues that the information failed to allege that injury was the proximate cause of her operating a motor vehicle. For the third time, Chavez confuses what action must lead to what result. The State must prove that Chavez's drunken driving led to Charles Mingus' injuries and the injuries led to death. The

information alleged that "the Defendant operated a motor vehicle while under the influence of alcohol or drugs, and this conduct was the proximate cause of injury." CP at 1.

Tana Chavez next complains that the State's information alleged that "conduct" caused Charles Mingus' injuries and death, but that the information failed to identify the discrete conduct that caused the injuries and death. Nevertheless, the information read that "this conduct" caused the injuries and death and the same sentence described the pertinent conduct as intoxicated driving. The information identified no other conduct.

Finally, Tana Chavez accurately observes that the State's information failed to allege that Charles Mingus died within three years of his injuries. We agree, however, with the State that *State v. Champoux*, 33 Wash. 339, 74 P. 557 (1903) rejects Chavez's contention that the failure to allege death within three years annuls the charging instrument. James Champoux claimed that a charging document, which omitted language asserting that the death occurred within one year and a day of the injuries, was fatally flawed. The Court answered:

> But in any event, the phraseology criticized is not material; for the information informs the accused that the mortal wounds from which Lottie Brace died were inflicted on the 5th day of November, 1902, and the information is dated on the 8th day of November, 1902, three days after. So that it must necessarily follow that the death occurred within three days from the infliction of the wounds. The information in all respects seems to be sufficient to sustain the judgment.

*State v. Champoux*, 33 Wash. at 346-47.

7

The State filed and dated its information against Tana Chavez on August 31, 2016. The State alleged that Chavez drove her motor vehicle while intoxicated on August 29, 2016, which driving injured and killed Charles Mingus. Mathematics informs us that Mingus must have died within two days of Chavez's criminal behavior.

Sufficiency of Evidence for Aggravator

The trial court sentenced Tana Chavez outside the standard sentencing range for the crime of vehicular homicide based on Chavez's offender score. Whenever the sentencing court imposes a sentence outside the standard range, the trial court shall set forth the reasons for its decision in written findings of fact and conclusions of law. RCW 9.94A.535. Our trial court did so and based its decision on the vulnerable nature of the victim.

When reviewing an exceptional sentence, the reviewing court must first determine whether the record supports the trial court's reasons for the sentence. *State v. McAlpin*, 108 Wn.2d 458, 462, 740 P.2d 824 (1987). Because this is a factual question, we will uphold the sentencing court's reasons if they are not clearly erroneous. *State v. McAlpin*, 108 Wn.2d at 462. A finding of fact is clearly erroneous only if no substantial evidence supports it. *State v. Morris*, 87 Wn. App. 654, 659, 943 P.2d 329 (1997). The test for determining the sufficiency of the evidence is whether, after viewing the light most favorable to the State, any rational trier of fact could have found guilt beyond a reasonable doubt. *State v. Salinas*, 119 Wn.2d 192, 201, 829 P.2d 1068 (1992).

8

In order for a victim's vulnerability to justify an exceptional sentence, the State must show (1) that the defendant knew or should have known (2) of the victim's particular vulnerability and (3) that vulnerability poses as a substantial factor in the commission of the crime. *State v. Suleiman*, 158 Wn.2d 280, 291-92, 143 P.3d 795 (2006). The trial court record, particularly testimony from Charles Mingus' son-in-law Ken Woltering, amply supports the trial court's factual finding of particular vulnerability. Woltering held intimate knowledge of his father-in-law's medical and physical condition and limitations.

Tana Chavez disputes the sufficiency of evidence that she observed Charles Mingus in the crosswalk and knew of his age, infirmity, or vulnerability before her car struck him. In so arguing, Chavez misreads the elements of the crime. Whether she saw Mingus in the crosswalk is immaterial because the standard is whether the defendant "knew *or should have known*" of the victim's vulnerability. *State v. Suleiman*, 158 Wn.2d at 291 (emphasis added).

The trial court, based on sufficient evidence, concluded that Tana Chavez should have known of Charles Mingus' vulnerability. The court noted that ninety-year-old Mingus crossed the street in a red scooter with an orange flag which signaled his vulnerability to anyone observing him. If Chavez looked, she could have readily seen Mingus in his scooter.

Tana Chavez next argues that insufficient evidence showed that Charles Mingus'

9

vulnerability played a substantial factor in the crime in that an able bodied person struck by her car would have also died. Case law, however, defeats this contention. Under Washington law, a pedestrian victim of a vehicular assault may be considered particularly vulnerable due to an inability to take evasive action and due to a lack of protection afforded when being in another vehicle. *State v. Cardenas*, 129 Wn.2d 1, 10, 914 P.2d 57 (1996); *State v. Nordby*, 106 Wn.2d 514, 518, 723 P.2d 1117 (1986). Under this principle, whether an able-bodied person would have succumbed to the same injuries as Mingus lacks relevance. Mingus could be found particularly vulnerable based alone on his status as a pedestrian.

Another principle of law defeats Tana Chavez's assignment of error. A pedestrian is particularly more vulnerable when he or she has no reason to suspect that he or she may be in danger. *State v. Cardenas*, 129 Wn.2d at 10. Tana Chavez stipulated and the trial court found that Mingus crossed the street at a marked crosswalk with a "walk" signal in his favor in broad daylight. Given these facts, Mingus had no reason to suspect he would be in danger, and this lack of danger rendered him relatively defenseless.

After determining if substantial evidence supports the reasons for the exceptional sentence or aggravator, the reviewing court must independently determine whether, as a matter of law, the trial court's reasons are substantial and compelling. *State v. McAlpin*, 108 Wn.2d at 463 (1987). In making this determination, the appellate court must consider whether the legislature considered the aggravating factor when establishing the

10

underlying standard sentencing range for the crime and whether the facts sufficiently distinguish the discrete crime committed by the accused from others in the same category. *State v. Morris*, 87 Wn. App. at 659-60 (1997). Tana Chavez does not dispute that the legislature did not consider an aged, defenseless man on a scooter in a crosswalk when setting the standard sentencing range for vehicular homicide. Chavez also does not dispute that the facts of this case could be compelling enough to distinguish it from other vehicular homicide convictions.

## CONCLUSIONS

We affirm Tana Chavez's convictions and the trial court's imposition of the sentencing aggravator. Because Chavez has failed to file a report of continued indigency, we direct that our court commissioner determine whether to award costs to the State.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Fearing, J.

WE CONCUR:

_____ _____
Siddoway, J.         Pennell, A.C.J.

11