# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 59582-6-II |
| Respondent, | |
| v. | |
| CHARLES ALFRED COOPER JR., | UNPUBLISHED OPINION |
| Appellant. | |

PRICE, J. — Charles A. Cooper appeals his sentence following his guilty plea to possession of a stolen firearm, first degree trafficking in stolen property, and first degree unlawful possession of a firearm, arguing that the superior court improperly considered a victim impact statement in violation of the real facts doctrine. We disagree and affirm.

## FACTS

On August 23, 2021, the State charged Cooper with second degree unlawful possession of a firearm, four counts of possession of a stolen firearm, and first degree trafficking in stolen property. Later, the State amended the information to include first degree unlawful possession of a firearm.

The probable cause statement supporting the charges explained that the case began with a storage unit burglary during which ammunition and numerous firearms were stolen. During law enforcement's investigation of the burglary, Sergeant Jeremy Brown was shot and killed by one of the burglary suspects while he was conducting surveillance.

No. 59582-6-II

Cooper was not implicated in the burglary or Sergeant Brown's murder, but after the shooting, Cooper agreed to receive and sell several of the stolen firearms. Cooper was arrested, and he admitted not only that he agreed to sell some of the stolen firearms, but also that he knew the firearms were related to Sergeant Brown's shooting.

Cooper was released on conditions prior to trial. But while on release, Cooper was arrested and charged with additional offenses, including first degree unlawful possession of a firearm and possession of a controlled substance with intent to deliver. The new charges were assigned cause number 23-1-02275-06.[1]

On February 23, 2024, Cooper pleaded guilty to possession of a stolen firearm, first degree trafficking in stolen property, and first degree unlawful possession of a firearm. Cooper also separately pleaded guilty to first degree unlawful possession of a firearm and possession of a controlled substance with intent to deliver in cause number 23-1-02275-06. Sentencing in both cases was continued to allow Cooper to be evaluated for a mental health sentencing alternative (MHSA), RCW 9.94A.695.

Prior to sentencing, Cooper submitted a memorandum and evidence in support of his MHSA request. In addition to the MHSA pre-sentence investigation, Cooper submitted several letters from family and mental health providers supporting his MHSA request. Cooper also submitted treatment plans for his MHSA.

---

[1] Cooper appealed that case in linked cause number 59592-3-II.

Before the parties made their arguments at Cooper's sentencing hearing, the State offered a victim impact statement from Sergeant Brown's wife, Jennifer Brown. Cooper objected, arguing that any statement from Ms. Brown violated the real facts doctrine because his trafficking crimes were not sufficiently related to Sergeant Brown's death. The superior court overruled Cooper's objection, stating it could consider the victim impact statement in terms of the impact on the individual victims, but to the extent that the victim impact statement contained any "factual material" that was not in the statement of defendant on plea of guilty or the probable cause statement, it would not be considered. The superior court further explained,

> I think that's—when we talk about [the] real facts doctrine, I just—I had reason to address this issue fairly recently in a different case. The Courts have been relatively stringent on that issue. It's—you know, the defendant is—needs to be punished for those crimes that he has actually admitted or been convicted of. The Courts certainly are concerned about defendants being punished for other things or the State making arguments that he engage[d] in other conduct that he's not pled guilty to. So I can't consider those types of things. But I can certainly consider the information that's contained in the statement of defendant on plea of guilty and in the probable cause statements, I think that [the prosecutor] has referred to.

Verbatim Rep. of Proc. (VRP) at 33.

The parties then disagreed about whether an MHSA should be imposed. The State opposed Cooper's request for an MHSA and argued that the superior court should impose standard range sentences in both of Cooper's cases, to be served concurrently, resulting in 212 months' confinement. Jennifer Brown addressed the superior court and spoke about the loss of her husband and objected to the MHSA. Cooper, however, asked the superior court to impose an MHSA because his long criminal history was directly related to untreated mental health issues and concurrent substance abuse. In response to the superior court's request for clarification, the parties

said that 212 months was an agreed recommendation, but that Cooper was also permitted to ask for an MHSA under the plea agreement.

Following the presentations of the parties, the superior court observed that Cooper had been diagnosed with a mental illness and his crimes qualified him for the MHSA. The superior court also found that Cooper was willing to participate in the MHSA. However, the superior court determined that the community would not benefit from Cooper engaging in the MHSA because there was too great a risk of his continuing to engage in criminal activity. Specifically, the superior court relied on the fact that Cooper committed additional drug and firearm related offenses while on release for the original trafficking charges.

In denying the MHSA and imposing the recommended standard range sentence, the superior court explained,

> So while I appreciate, you know, [Cooper's] comments here today that he was a drug addict and that he was doing that because of his addiction and I really don't question that. The problem is that he was out doing that. And I think engaging in drug dealing while you're armed with firearms is a—is a highly dangerous activity. I think it puts the community at a tremendous risk. So, you know, he was doing that while he was out under court supervision. So I think that does raise [a] significant question for the Court about what engage—what behavior he would engage in if he was placed on the mental health sentencing alternative.
>
> As I indicated earlier, I—you know, I appreciate the comments about the damage that Mr. Cooper's behavior and crimes have—have caused to the community. I have to be careful, I think, in terms of sentencing here today, to confine the punishment to the crimes that he's pled guilty to. And he's pled guilty to a whole series of different crimes. And as [the prosecutor] indicated, you know, he faces potentially 212 months. But I can't sentence him for—for crimes that he's not been convicted of. And so, you know, some of the comments that are made by [defense counsel] are appropriate. I have to confine the punishment to the crimes he's been convicted of here, [unlawful possession] firearm, unlawful possession with intent to deliver, and the other crimes.

> So I've thought about this in great detail. I think he qualifies for the mental health sentencing alternative, but it simply is not appropriate. It's not in the community's interest.
>
> I can't, with the magnitude and breadth of criminal activity that the defendant has engaged in and his criminal history, as much as I'd like to see him get treatment, I just cannot find it in the interest of the community to sentence him under the mental health sentencing alternative. And so I accept the recommendation of the parties of 212 months.

VRP at 56-57. Consistent with the plea agreement, the superior court imposed a standard range sentence to run concurrently with the sentence in cause number 23-1-02275-06 for a total of 212 months' confinement.

Cooper appeals.

## ANALYSIS

Cooper argues that the superior court violated the real facts doctrine by allowing Sergeant Brown's wife to make a victim impact statement at sentencing. We disagree.

RCW 9.94A.530(2), known as the real facts doctrine, provides, "In determining any sentence other than a sentence above the standard range, the trial court may rely on no more information than is admitted by the plea agreement, or admitted, acknowledged, or proved in a trial or at the time of sentencing . . . ." The doctrine prevents a sentencing court from imposing "a sentence based upon the elements of a more serious crime that the State did not charge or prove." *State v. Elza*, 87 Wn. App. 336, 342, 941 P.2d 728 (1997). Its purpose "is to limit sentencing decisions to facts that are acknowledged, proven, or pleaded, and to prevent sentencing courts from imposing exceptional sentences when dissatisfied with the jury's verdict." *Id.* at 342. Further, the

real facts doctrine prohibits the sentencing court from considering uncharged crimes as a reason for imposing an exceptional sentence. *State v. McAlpin*, 108 Wn.2d 458, 466, 740 P.2d 824 (1987).

Assuming, without deciding, that the real facts doctrine applies even when Cooper received a standard range, rather than an exceptional, sentence,[2] the superior court did not violate the real facts doctrine. Although the superior court allowed Sergeant Brown's wife to make a victim impact statement, the superior court clearly stated multiple times that it was limiting its sentencing decision only to those specific crimes to which Cooper had pleaded guilty. And Cooper points to nothing in the record to suggest that the superior court failed to do so. The superior court thoroughly explained its decision not to impose an MHSA, basing it on Cooper's extensive criminal history and, most importantly, the fact that Cooper had engaged in trafficking drugs while armed with a firearm when he was already on bail for multiple firearm trafficking charges. Cooper's sentence was not improperly based on facts related to uncharged crimes and, therefore, there was no violation of the real facts doctrine.

CONCLUSION

We affirm Cooper's sentence.

---

[2] The State argues that the real facts doctrine does not apply here because there is no limit on what a sentencing court can consider when imposing a standard range sentence.

6

No. 59582-6-II

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

PRICE, J.

We concur:

LEE, P.J.

GLASGOW, J.