2013 JUN 10 AM 10: 12



# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

CHRISTOPHER L. MATSON,
a single man,

    Respondent,

 v.

BRENT T. OKITA and JULIE L. OKITA,
husband and wife; CHARLES E.
VAN HOOF, SR.; MICHAEL L.
SCHONBACHLER, a single man,

    Defendants,

DOLORES R. VAN HOOF,

    Appellant.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

No. 68256-3-I

DIVISION ONE

UNPUBLISHED OPINION

FILED:  June 10, 2013

LEACH, C.J. — Courts have inherent authority to impose sanctions whenever a party engages in bad faith delay or disruption of litigation.  Because the record in this case reflects nonresponsive and dilatory conduct by Dolores Van Hoof's counsel, the court did not abuse its discretion in imposing sanctions against her.  Van Hoof's remaining claims either lack merit, are not supported by argument or authority, or are not properly before us.  We affirm.

## FACTS

Christopher Matson filed this action to resolve a boundary dispute between several neighbors, including Dolores Van Hoof.

On April 26, 2011, following a mediation, the parties executed a "CR 2A Settlement Agreement." The agreement provided in part that Van Hoof's counsel would "make an initial draft of pleadings and orders consistent with this settlement." It also provided that "[n]either of the parties to this Settlement Agreement shall be awarded Court Costs or Attorney's Fees."

After waiting several months for the draft pleadings, Matson's counsel contacted Van Hoof's counsel. Van Hoof's counsel indicated he was now able to draft the documents.

Several weeks later, on July 19, 2011, Matson's counsel took matters into her own hands and drafted a stipulated judgment, which she mailed and e-mailed to Van Hoof's counsel.

On July 29, she wrote Van Hoof's counsel, stating in part, "If you would please provide me with the pleadings for settlement I would appreciate it, or at least contact me about revising the ones that I provided. If not, you leave me no choice but to file a Motion to Enforce the Settlement Agreement, with attorney's fees."

On August 10, 2011, Matson moved to enforce the settlement agreement. The motion recounted counsel's efforts to obtain the draft documents, alleged that the case could soon be dismissed under local rules for failure to file an order within 45 days of notice of settlement, and requested $525 in attorney fees and a

$500 daily penalty for each day Van Hoof failed to comply with the settlement agreement after August 19, 2011.

On August 19, 2011, the superior court entered an order enforcing the settlement agreement. The order required Van Hoof's counsel to provide Matson with the draft documents by August 24, 2011. It ordered Van Hoof and her counsel to jointly pay $525 in attorney fees to Matson and stated that Van Hoof would pay $500 for each day past August 19 that her counsel failed to comply with his duties under the settlement agreement.

That same day, Van Hoof's counsel filed an untimely reply to Van Hoof's motion to enforce. He alleged that his failure to draft the documents was related to the absence and eventual death of his paralegal and his receptionist's hospitalizations for leukemia during 2011. He also alleged that he had been out of town with his family "for most of August." He requested an extension to September 30 to prepare the settlement documents.

On August 24, 2011, Van Hoof's counsel provided draft documents to Matson's counsel.

On August 30, 2011, the court entered an "Order on Motion to Enforce" which set a hearing for September 14, 2011, to consider "those issues, allegations and request contained in [the parties'] pleadings on this matter."

-3-

On September 23, 2011, the superior court held a hearing, at which Van Hoof requested relief from the court's August 19 order of enforcement. Following argument, the court denied the requested relief, stating,

> It's not the first case where I've had to issue a sanction where parties have just let things sit too long, and better it be a monetary penalty than one from the bar association, is what I would think.
>
> . . . I'm going to deny the motions for reconsideration or any diminution of attorneys' fees to be paid. I'm loath, really, in general, to have the client bear the burden, and the underlying order that I signed essentially assigns a portion to the client and a portion to the attorney. It seems to me that same proportionality ought to persist.
>
> . . . .
>
> Once we learn that the parties have a settlement, we take it off our trial calendar so that we make room for other litigants to have their matters heard . . . .
>
> . . . If the lawyers are dilatory, then shame on them. And if the lawyers are not responsive, then a monetary fine is the midway point that the Court takes to try to move this through.

The court ordered Van Hoof's counsel and his firm to pay Matson's counsel $1,225 in attorney fees.

On November 20 and 21, 2011, Matson's counsel e-mailed and mailed notice of her motion for presentation of findings and conclusions and her motion for presentation of judgment to Van Hoof's counsel. The hearing on the motions was set for December 16, 2011. Matson's counsel did not file her declaration of mailing until December 14, 2011.

On December 14, 2011, two days before the motion hearing, Van Hoof's counsel faxed opposing counsel an "objection to hearing date," stating that "no

copy was received by this office." The objection further stated that Van Hoof's counsel was "not available for any hearing on December 16, 2011 because he is scheduled to appear at a Federal District Court hearing that day." The objection stated that counsel "committed himself to appear at an important hearing in the U.S. District Court in Tacoma this Friday." Matson's counsel later alleged that the federal court matter was without oral argument.

On December 15, 2011, Van Hoof's counsel faxed opposing counsel a declaration, stating that he would be in Pierce County Superior Court on December 16, 2011, for four separate matters.

At the December 16, 2011, hearing, substitute counsel appeared on behalf of Van Hoof and requested a continuance. Matson's counsel objected, arguing there was no legitimate reason for Van Hoof's counsel's absence.[1] The court denied a continuance, stating that it was "not satisfied that [counsel's] failure to appear is anything but willful" and that it would proceed "forward as though he's . . . forfeited any objection."

On December 28, 2011, the court entered findings of fact and conclusion of law. The court found that Van Hoof and her counsel "had no legitimate excuse" for failing to respond to Matson or provide the documents required by the settlement agreement. The court concluded that "[s]anctions are appropriate

---

[1] Counsel explained why each of Van Hoof's counsel's alleged conflicts was avoidable or not legitimate.

where the attorney has let things sit too long, as in this case." In its conclusions of law, the court stated that Van Hoof's "unreasonable and repeated delay . . . is tantamount to bad faith under CR 11" and that her motion for reconsideration "was baseless."

The court then entered two judgments. The first imposed $2,000 in daily penalties against Van Hoof under the August 19, 2011, order and $525 in attorney fees jointly against Van Hoof and her counsel. The second imposed $1,225 against Van Hoof's counsel and his law firm for bringing a baseless motion for reconsideration.

Van Hoof appealed but did not include her counsel or his firm as parties in the notice of appeal. After filing her opening brief, she moved to join her counsel and his law firm as parties. A panel of this court denied the motion. Accordingly, any rulings and judgments against Van Hoof's counsel and his firm are not properly before us.

## DECISION

Van Hoof contends the court abused its discretion in ordering her to pay Matson $2,525 in attorney fees and daily sanctions. We disagree.

Courts have inherent authority to impose sanctions, including attorney fees, in the management of proceedings and parties.[2] This authority arises from "'the control necessarily vested in courts to manage their own affairs so as to

---

[2] State v. Gassman, 175 Wn.2d 208, 210-11, 283 P.3d 1113 (2012).

achieve the orderly and expeditious disposition of cases.'"[3]  Such authority "is properly invoked upon a finding of bad faith."[4]  Bad faith may be demonstrated by "delaying or disrupting litigation."[5]  We review sanction decisions for abuse of discretion.[6]

Here, the trial court found that Van Hoof's counsel's nonresponsive and dilatory conduct regarding his obligations under the settlement agreement was "tantamount to bad faith."  Van Hoof contends this finding does not support the sanctions imposed because the court relied on CR 11, not its inherent power.  But even assuming CR 11 did not authorize sanctions on these facts, a judgment may be upheld on any basis supported by the record.[7]  Counsel's conduct comes within the ambit of a court's inherent power to manage its proceedings.  While reasonable judges might disagree on whether sanctions should have been imposed on these facts, we cannot say the court abused its discretion.

---

[3] Chambers v. NASCO, Inc., 501 U.S. 32, 43, 111 S. Ct. 2123, 115 L. Ed. 2d 27 (1991) (quoting Link v. Wabash R.R., 370 U.S. 626, 630-31, 82 S. Ct. 1386, 8 L. Ed. 2d 734 (1962)).

[4] State v. S.H., 102 Wn. App. 468, 475, 8 P.3d 1058 (2000).

[5] S.H., 102 Wn. App. at 475.

[6] Gassman, 175 Wn.2d at 210.  A trial court abuses its discretion only when its decision is manifestly unreasonable, or exercised on untenable grounds, or for untenable reasons.  In re Estate of Black, 153 Wn.2d 152, 172, 102 P.3d 796 (2004).

[7] Clipse v. State, 61 Wn. App. 94, 98-99, 808 P.2d 777 (1991) (although trial court erroneously relied on CR 11, appellate court upheld sanctions under CR 26 because a judgment may be affirmed on any basis supported by record).

Van Hoof next contends the court's finding that counsel's conduct was "tantamount to bad faith" is insufficient to support sanctions under its inherent authority. According to Van Hoof, sanctions must be supported by an *express* finding of bad faith. She is mistaken. An express finding, though preferred, is not required; it is sufficient if the court finds conduct equivalent or tantamount to bad faith.[8]

Van Hoof also contends the court's findings ignore the undisputed fact that her counsel "was absent from his office while on vacation until mid-August and earlier in 2011 had lost both members of his staff, leaving only a part-time receptionist to assist him." But counsel's staff problems had existed, and remained unremedied, since early in 2011. And counsel's August vacation did not excuse the dilatory conduct that had persisted since early in the year. Unchallenged findings establish that Van Hoof's counsel did nothing regarding the draft documents for nearly four months, told opposing counsel on July 1, 2011, he would begin drafting them but failed to do so, did not respond to Matson's counsel's letters or e-mail concerning the drafts, and did not provide notice of his unavailability due to a vacation in August 2011.

Van Hoof claims the record shows that he in fact complied with the court's August 19, 2011, order by delivering draft documents to opposing counsel on August 24, 2011. While that is true, the court's order also clearly stated that the

---

[8] Gassman, 175 Wn.2d at 211-13.

documents were due "by or before August 24th" and that there would be a daily penalty after August 19, 2011. Thus, Van Hoof's compliance with the August 24 deadline does not affect the penalties or the court's award of fees for Matson having to bring the motion to enforce.

Van Hoof contends the court abused its discretion in denying his motion to continue the December 16, 2011, hearing on the presentation of findings and conclusions. This contention fails because it is unsupported by authority[9] or a showing of resulting prejudice.[10]

Last, Van Hoof contends the superior court was biased and violated the appearance of fairness doctrine. These claims are raised for the first time on appeal and therefore need not be considered.[11] In any case, we presume that a judge acts without bias or prejudice,[12] and a party asserting otherwise bears the

---

[9] Cook v. Brateng, 158 Wn. App. 777, 794, 262 P.3d 1228 (2010).

[10] The denial of a continuance is reversible error only upon a showing of both an abuse of discretion and resulting prejudice. State v. Herzog, 69 Wn. App. 521, 524, 849 P.2d 1235 (1993). We note that while the hearing was held on December 16, 2011, the findings and conclusions were not entered until December 28, 2011. Van Hoof thus had opportunities to submit objections or clarifications to the proposed findings after the hearing and could also have moved for reconsideration under CR 59. See 224 Westlake, LLC v. Engstrom Props., LLC, 169 Wn. App. 700, 728, 281 P.3d 693 (2012). Even now, Van Hoof is able to challenge the court's findings and conclusions on appeal. There is no prejudice. 224 Westlake, 169 Wn. App. at 728.

[11] In re Guardianship of Cobb, 172 Wn. App. 393, 404, 292 P.3d 772 (2012), petition for review filed, No. 88488-9 (Wash. Feb. 27, 2013).

[12] See State v. Chamberlin, 161 Wn.2d 30, 38, 162 P.3d 389 (2007); Wolfkill Feed & Fertilizer Corp. v. Martin, 103 Wn. App. 836, 841, 14 P.3d 877 (2000).

burden of presenting evidence of actual or potential bias.[13]   Van Hoof's

allegations fail to demonstrate any actual or potential bias.

We decline to address several of Van Hoof's claims on appeal.  In the

"Summary of Argument" section of her opening brief, Van Hoof stated that

attorney fees and sanctions were contrary to a provision in the CR 2A agreement

that said "[n]either of the parties to this Settlement Agreement shall be awarded

Court Costs or Attorney Fees."   She also stated that the court's order of

enforcement "contained ambiguous and conflicting provisions."   But neither of

these claims was subsequently addressed with supporting analysis and authority

in her opening brief.   In addition, for the first time in her reply brief, Van Hoof

argued that sanctions should not have been awarded against her because the

sanctions were based on her counsel's conduct.   As these arguments are not

properly presented, we do not address them.[14]

Van Hoof's request for attorney fees and costs on appeal is denied.

Matson's request for attorney fees is also denied, but as the prevailing party, he

---

[13] State v. Dugan, 96 Wn. App. 346, 354, 979 P.2d 885 (1999).

[14] Cowiche Canyon Conservancy v. Bosley, 118 Wn.2d 801, 809, 828 P.2d 549 (1992) (issue raised and argued for the first time in reply brief is too late to warrant consideration); Howell v. Spokane & Inland Empire Blood Bank, 117 Wn.2d 619, 624, 818 P.2d 1056 (1991) (alleged errors not supported by argument and authority need not be considered).

is awarded costs on appeal upon his compliance with applicable court rules.  The costs shall be assessed against counsel for Van Hoof.

Affirmed.

_Leach, C.J._

WE CONCUR: